CHARLES LUCAN *et al.*

*v.*

J. H. CADWALLADER *et al.*

*Filed at Ottawa September 21, 1885.*

1. APPEAL—*whether a freehold is involved.* A bill to enjoin a defendant
from rebuilding a mill-dam, and thereby prevent the overflowing of the com-
plainant's land, etc., does not involve a freehold, so as to justify an appeal
directly to this court from the trial court. A claim of an easement in the
lands of another does not constitute a freehold in such lands.

2. SAME—*whether appeal will lie from order dissolving a temporary
injunction.* The mere dissolution of a temporary injunction in vacation is
not an order from which an appeal will lie in any case, as the injunction may
be made perpetual on the final hearing.

APPEAL from the Circuit Court of Knox county; the Hon.
ARTHUR A. SMITH, Judge, presiding.

Messrs. McKENZIE & CALKINS, for the appellants.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for the appellees.

Per CURIAM: The appellants, who were plaintiffs below, filed a bill in the Knox circuit court, against the appellees, to enjoin them from rebuilding a mill-dam across Spoon river, in Knox county. It appears from the bill itself, that the original dam was built more than thirty years ago; that its construction and maintenance caused the river to overflow the lands of complainants, rendering them unfit for cultivation, and also, as is alleged, injuriously affecting the health of the people of the neighborhood, including complainants and their families; that the dam, with the attending results, was maintained until in February, 1884, when it gave way, and the waters of the river receded into their natural channel, etc. A temporary injunction having been awarded, the defendants entered a motion to dissolve the same, and by stipulation of parties it was heard, on affidavits, before the circuit judge, in vacation, resulting in an order dissolving the interlocutory injunction. From that order the complainants appealed to this court.

The appeal must be dismissed. The cause seems to have been brought here upon the hypothesis that a freehold is involved. This is a misapprehension. The defendants do not claim to have anything more than a mere easement in the lands of appellant, and it is well settled that does not constitute a freehold. But even if this objection were not in the way, this appeal was prematurely brought.

The appellants will be permitted to withdraw the record, abstracts and briefs, to make such use of them as they may be advised.

*Appeal dismissed.*