JAMES CHAPLIN

*v.*

THE COMMISSIONERS OF HIGHWAYS.

*Filed at Ottawa November 15, 1888.*

1. APPEALS—*from an Appellate Court—in what cases, generally.* If either a franchise, freehold or the validity of a statute is involved, an appeal lies from the Appellate Court to the Supreme Court, without reference to the amount involved, by virtue of the express provisions of the constitution. But when the statute does not give the Appellate Court jurisdiction of appeals involving a franchise, a freehold, or the validity of a statute, the Supreme Court can not entertain an appeal from the Appellate Court for the purpose of passing upon the merits of the case, but only for the purpose of reversing or vacating the judgment of the Appellate Court, with directions to dismiss the appeal.

2. SAME—*whether a freehold is involved—easement, as being a freehold.* Where the owner of land files a bill to set aside a proceeding by highway commissioners to condemn a part of the land for the purpose of establishing a permanent right to a ditch or drain over the same, a freehold is involved, and no appeal lies from the decree of the trial court dismissing the bill, to the Appellate Court.

3. The interest acquired by the exercise of the right of eminent domain, in lands taken for railroads, highways, streets or alleys, when the statute does not give the right to condemn the fee, is in the nature of a perpetual easement, and when such easement possesses immobility, and a sufficient legal indeterminate duration, it is a freehold interest.

4. A perpetual easement in lands, or any interest in lands in the nature of such easement, when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold. A legal interest in lands is to be deemed a freehold, not because of the kind or quantity of the interest, but by reason of its sufficient legal indefinite duration. An easement for life or in fee is a freehold.

5. SAME—*former decision.* The cases of *Lucan* v. *Cadwallader,* 114 Ill. 285, and *Eckhart* v. *Irons,* id. 469, in so far as they hold contrary to the rule above announced, are overruled.

6. SAME—*validity of a statute—whether involved.* A bill by the owner of land, which seeks to have condemnation proceedings by commissioners of highways for a ditch over his land for drainage set aside and vacated, on the ground that the statute authorizing the proceeding gives damages, only, instead of compensation for the land taken, and damages to land not taken, and is therefore unconstitutional, when the

answer alleges the constitutionality of the law, involves the validity of a statute, and the Appellate Court will have no jurisdiction of an appeal in such case.

7. While the mere allegation in a pleading that a given statute is unconstitutional, will not necessarily raise a question as to the validity of such statute, yet when it can be seen that the constitutional question raised is one which may be fairly regarded as debatable, the question of the validity of a statute becomes involved in the case, within the meaning of the statute regulating jurisdiction of appeals.

8. SAME—*waiver of constitutional question.* The mere act of taking an appeal to the Appellate Court is not a waiver of the question of the validity of a statute raised by the pleadings. Whether a party appealing has waived a particular error, must be determined by his assignments of error, and from his brief and argument, on appeal.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

This was a bill in chancery, brought by James Chaplin against the Highway Commissioners of the Township of Wheatland, in Will county, to restrain said commissioners from digging or opening a ditch or drain across certain lands of the complainant. The bill alleges that the complainant is the owner of a tract of land in said township of Wheatland, lying south of and adjoining the highway running east and west between said township and the township of Plainfield; that some time in the spring of 1884, one Davis, the owner of the land adjoining the highway immediately north of the complainant's premises, and one Shaeffer, the owner of the land immediately north of Davis' land, laid tile drains through their respective farms, thereby conducting the water in the direction of and across the highway; that at about the same date, while the complainant was confined to his house by sickness, Davis and Shaeffer entered upon his premises and cut a ditch from the highway across the same for the alleged purpose of carrying off the surplus water brought to the highway in consequence of the construction of their tile drains; that as soon as the

complainant was able to do so, he caused said ditch to be filled up; that said parties again opened it and compelled the complainant to repeat the process of filling it up, until finally in the latter part of the spring of 1884, after said parties had opened the ditch once more, the complainant filled it up, and it has not since been disturbed.

It is further alleged that, on the 20th day of June, 1885, the highway commissioners of the township of Wheatland commenced proceedings before a justice of the peace of said township for the alleged purpose of having the damages assessed which the complainant might sustain by reason of digging, opening and cleaning a ditch or drain on or across the complainant's land, and obtained a verdict of a jury assessing the complainant's damages at $12; that said commissioners threaten and intend to dig and open said ditch or drain, and that the complainant fears and believes that they will carry their threat into execution, unless restrained by injunction.

The bill alleges the invalidity of the proceedings before the justice of the peace on various grounds, and among them is the following: "That the section of the statute relating to roads and bridges under which said commissioners were acting or attempting to act in said proceedings before said justice of the peace, is unconstitutional and void, for the reason that it makes no provision for compensation for property taken, and for other good and valid reasons." The defendants answered denying the equities of the bill, and a replication having been filed, the cause was heard on pleadings and proofs and a decree rendered dismissing the bill at the complainant's costs for want of equity. The complainant thereupon took an appeal to the Appellate Court of the Second District, where said decree was affirmed, and the complainant now brings the record from that court to this by appeal.

Mr. E. MEERS, and Mr. D. GILMORE, for the appellant:

Neither the commissioners of the town of Wheatland, nor the commissioners of highways of the town of Plainfield, separately, nor as a body, composing a majority of the members of both boards, endeavored to obtain Chaplin's consent to the digging, opening or cleaning the ditch, before commencing proceedings, as required by section 8 of the Road and Bridge act of this State, also as is defined by the Eminent Domain act of this State. A failure to consent must be set forth in the summons or petition. It is a jurisdictional matter. Mills on Eminent Domain, secs. 107, 108.

Section 8, aforesaid, does not provide for compensation and damages, as required by the constitution of this State. No compensation was allowed by the jury to Chaplin in the proceedings before the justice.

That property can not be taken or damaged without just compensation, see *People* v. *McRoberts*, 62 Ill. 38; *Railroad Co.* v. *Smith*, 111 id. 363; *Railroad Co.* v. *Mayrand*, 93 id. 591; Mills on Eminent Domain, secs. 162, 189; Angell on Water-courses, (6th ed.) secs. 642, 643.

The commissioners of Wheatland had no authority to take any steps toward the digging, cleaning or opening of the ditch on or across the land of Chaplin, unless acting in conjunction with the commissioners of the town of Plainfield, at a regular called meeting of both boards for such purpose, and first determined on by a majority of each separate board of commissioners, and then by a majority of the members of both boards acting as one body. *Commissioners of Highways* v. *Bridge Co.* 3 Bradw. 570; Township Organization act, clause 4; Road and Bridge act, sec. 26; *Mack* v. *Tracy*, 41 Ill. 377; *McManus* v. *McDonald*, 107 id. 95.

The line of the proposed ditch must be described with such certainty that a surveyor could locate it from the description given in the summons. Mills on Eminent Domain, secs. 115, 117, 122.

Discharging water upon a farm is a taking, within the meaning of the constitution. Mills on Eminent Domain, secs. 30, 31.

Highway commissioners can not grant the right to private parties to ditch on highways, nor bind the public to furnish drainage for the land of private individuals. *Johnson* v. *Rea*, 12 Bradw. 331.

The consent, by parol, to allow another to enter and open a ditch on his land, is merely a license, and revocable at will. *Weidekin* v. *Snelson*, 17 Bradw. 461; *Woodward* v. *Seely*, 11 Ill. 157; *Kamphouse* v. *Gaffner*, 73 id. 461; *St. Louis Nat. Stock Yards* v. *Ferry Co.* 102 id. 514; 112 id. 384.

The water must be discharged into a natural water-course or channel. *Wagner* v. *Chaney*, 19 Bradw. 546; *Peck* v. *Herrington*, 109 Ill. 611.

As to rights granted by parol license, see Angell on Watercourses, secs. 280, 371.

There was no pond or slough on the highway at the point where the commissioners proposed to drain, consequently there was no necessity for a ditch being dug by the said commissioners on the land of Chaplin. *People ex rel.* v. *Board of Supervisors*, 47 Ill. 256.

Mr. A. F. MATHER, and Mr. A. O. MARSHALL, for the appellees:

The rule is the same, whether this water, naturally passing over Chaplin's land, flowed in a well defined "water-course," with well defined banks, or simply a surface flow in wet weather. It is clear that the Chaplin farm is servient to the two hundred acres of land lying immediately north, and the owners of the dominant heritage have an easement in Chaplin's land which he can not abridge. (*Peck* v. *Herrington*, 109 Ill. 611.) The same rules apply to road drainage as to farm drainage. *Commissioners of Highways* v. *White*, 15 Bradw. 318.

There can be no cause of action for an overflow caused by the natural conformation of the land. *Kahner* v. *Griesbaum*, 59 Ill. 48.

The legislature of a State may enact any and all laws on any and every subject, unless restrained by the delegation of power to the general government, or its power has been limited by the Federal or State constitution. *Railroad Co.* v. *Warrington*, 92 Ill. 157.

The writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions, where they have exceeded the limit of their jurisdiction, or have proceeded illegally, and there is no appeal or other mode of directly reviewing their proceedings. *Savage* v. *Board of County Commissioners*, 10 Bradw. 204.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This case comes here on appeal from the Appellate Court, without any certificate by the judges of that court that it involves questions of law of such importance, either on account of principal or collateral interests, that it should be passed upon by this court. It does not involve $1000. The damages awarded the complainant by the jury in the condemnation proceedings were only $12, and none of the witnesses upon the hearing in the court below estimated the complainant's damages by reason of the digging and maintaining of the proposed drain as high as $1000. The complainant himself, in his testimony, places his damages, to both the land taken and the land damaged, at $400. It is plain then that we have no jurisdiction of the appeal unless the case involves a franchise or freehold or the validity of a statute. If either of those questions is involved, an appeal lies from the Appellate Court to this court, without reference to the amount involved, by virtue of the express provisions of the Constitution. On such appeal, however, so long as the statute does not vest the Appellate Courts with jurisdiction of appeals in cases involving a franchise, a freehold or the validity of a statute, we can not entertain the appeal for the purpose of passing upon the merits of the case, but only for the purpose of reversing or vacating the

judgment of the Appellate Court and remanding the cause to that court with directions to dismiss the appeal.

It can not be pretended that any franchise is involved in the present case. Does it involve a freehold or the validity of a statute? The bill was filed to restrain the commissioners of the township of Wheatland from entering upon the complainant's land for the purpose of digging, opening and cleaning a ditch or drain to carry off the water from a public highway, and, in effect, to set aside and cancel the proceedings by which said commissioners had undertaken to acquire, by process of condemnation, the right to construct and maintain such ditch or drain across said land. Said condemnation proceedings were had under the provisions of the eighth section of the statute in relation to roads and bridges, which authorizes commissioners of highways to enter upon any land adjacent to any highway in their town, "for the purpose of opening any ditch, drain, necessary sluice or water-course, whenever it shall be necessary to open a water-course from any highway to the natural water-courses, and to dig, open and clean ditches upon said land for the purpose of carrying off the water from said highways, or to drain any slough or pond on said highway." Said section provides that, in case of the failure of the commissioners to obtain the consent of the owner of such land to the cutting of such ditches, a proceeding may be instituted before a justice of the peace of the county for the purpose of having the damages which such owner may sustain by reason of the digging or opening of such ditches or drains assessed by a jury. The mode of proceeding is prescribed, and it is provided that the jury "shall assess such damages and render a verdict therefor, which shall be final and conclusive of the amount of damages sustained by such person, and the amounts so awarded shall be paid before the commissioners of highways shall be warranted and empowered to enter such lands, and dig, open and clean such drains, ditches and water-courses, as aforesaid, for the purposes contemplated by this act."

The circumstance which rendered it necessary to have a ditch or drain dug from the highway at the point in question across the complainant's land, was, the construction by the owners of the land on the opposite side of the highway, of a tile drain running for a considerable distance across their lands, and discharging large quantities of water into the highway at that point. It thus appears that the necessity for suitable drainage by means of the ditch in question was a permanent one. It was not the case of a temporary accumulation of water demanding an outlet only for the time being, but one which required a means of drainage as perpetual as the highway itself. It can not be doubted, then, that the right sought to be condemned was that of casting a permanent burden upon the complainant's land. The interest acquired by the exercise of the right of eminent domain, in lands taken for railroads, highways, streets or alleys, or other like purposes, where the statute does not give the power to condemn the fee, is in the nature of a perpetual easement. Mills on Eminent Domain, sec. 49. The right to construct and maintain a ditch across the complainant's land, sought to be condemned in this case, was, in the same sense and to the same extent, a perpetual easement.

Is a perpetual easement which one party may have in the lands of another a freehold estate? An estate, to be a freehold, must possess these two qualities, 1, immobility, that is, the property must be either land or some interest issuing out of or annexed to the land, and 2, a sufficient legal indeterminate duration. Wharton's Law Dict. As said by Mr. Washburn, "An easement always implies an interest in the land in or over which it is enjoyed. The interest of an easement may be a freehold or a chattel one, according to its duration." Washburn on Easements, 5. Blackstone defines a freehold to be, "Such an estate in lands as is conveyed by livery of seizin, and in tenements of any incorporeal nature, by what is equivalent thereto." 2 Black. Comm. 104. In another place he says that such equivalent mode of transferring the property in

incorporeal hereditaments, or things wherein no livery can be had, is by grant. Id. 317. It is therefore said that freeholds of corporeal hereditaments lay in livery, and of incorporeal hereditaments in grant. 1 Preston on Estates, 13. The same author, in discussing the doctrine of freehold estates, says: "Hereditaments which are corporeal, as well as hereditaments which are incorporeal, are the subjects of this doctrine, and admit of the application of this term." 1 Preston on Estates, 214. In *Hewlins* v. *Shippam*, 5 Barn. & Cress. 221, it is held that a right to construct and maintain a gutter or drain from and out on the premises of one party into and over the premises of another party, if created by a deed, is a freehold.

As we have already assumed, the proceedings by which the commissioners of highways have attempted to acquire the right to enter upon the complainant's land for the purpose of constructing and maintaining a drain, can be justified only as an exercise of the right of eminent domain, which is the right existing in the State of taking private property for public uses on making just compensation. If the proceedings are effectual, as the defendants claim, a permanent interest in the complainants' land, in the nature of a perpetual easement—a freehold —has been taken, and upon payment of the damages assessed, will be vested in the proper municipal authorities, for the use of the public. The decree of the circuit court dismissing the bill is an adjudication affirming the validity of said proceedings and establishing the title of the municipal authorities and the public to the property thus taken by process of condemnation. It follows, necessarily, that the case involves a freehold, and, consequently, that the Appellate Court had no jurisdiction of the case.

It has been uniformly held that, in proceedings under chapter 47 of the Revised Statutes entitled Eminent Domain, no appeal lies to the Appellate Court, and that all appeals must be taken directly to this court. That statute was passed before the Appellate Courts were organized, and contains, it is

true, an express provision for an appeal to this court. In *Kankakee and Seneca Railroad Co.* v. *Straut,* 101 Ill. 653, and *Peoria and Pekin Union Railway Co.* v. *Peoria and Farmington Railway Co.* 105 id. 110, this court, without stating the grounds of its decision, held that the section of the Eminent Domain Act relating to appeals was not repealed by the subsequent legislation apportioning appellate jurisdiction between the Appellate Courts and this court. That conclusion could have been reached only upon the theory that cases arising under the Eminent Domain Act were comprehended within one of the classes of cases in which, by such subsequent legislation, appeals lay directly from the circuit court to this court. The act then and still in force took from the Appellate Courts all jurisdiction of appeals in cases involving a freehold, and conferred such jurisdiction on this court, a provision manifestly broad enough to cover all cases of appeals in proceedings arising under the Eminent Domain Act.

In *Lucan* v. *Cadwallader,* 114 Ill. 285, and *Eckhart* v. *Irons,* id. 469, this court held that a mere easement did not constitute a freehold estate. We are now of the opinion that those decisions were pronounced without sufficient consideration. A perpetual easement in lands, or any interest in lands in the nature of such easement, when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold. A legal interest in lands is to be deemed a freehold, not because of the kind or quantity of the interest, but by reason of its sufficient legal indefinite duration. An easement for life or in fee is a freehold, and to this extent the cases above referred to must be regarded as overruled.

One of the grounds upon which the bill seeks to have the condemnation proceedings vacated is, that the section of the statute under which those proceedings were had is unconstitutional and void. The specific point made is, that it contains no provision for compensation for property taken. The Con-

stitution provides that "private property shall not be taken or damaged for public use without just compensation." Under this provision, as is claimed, two distinct elements of compensation are contemplated, first, for property taken, and second, for property damaged. The statute in question only provides that in case the owner of the land does not consent to the construction of the ditch or drain, proceedings shall be had before a justice of the peace "for the purpose of having the damages assessed which such owner may sustain by reason of the digging or opening of such ditches or drains." It is urged that this is not a full compliance with the constitutional requirement, and that as the statute authorizes the taking of private property without making compensation both for the property taken and the property damaged, it is unconstitutional and void. This unconstitutionality of the statute is alleged in the bill and denied by the answer, and the court, by its decree, found against the contention of the complainant, thereby holding that the statute was valid.

We are of the opinion that the pleadings and decree present a question as to the validity of a statute. While the mere allegation in a pleading that a given statute is unconstitutional will not necessarily raise a question as to the validity of such statute, yet, where it can be seen that the constitutional question raised is one which may be fairly regarded as debatable, we think the question of the validity of a statute becomes involved in the case, within the meaning of the statutes regulating jurisdiction of appeals. We can not say that such is not the case here. Without intimating any opinion as to the ultimate decision of the question, we think it worthy of consideration whether the statute in this case is a full and adequate compliance with the constitutional restriction upon the taking of private property for public use.

We are unable to agree with the Appellate Court that the complainant, by the mere act of taking an appeal to that

court, must be deemed to have waived the question as to the validity of the statute. Without holding that he might not have so far waived or abandoned his claim in this respect as to have given that court jurisdiction, so far as its jurisdiction depended upon whether the validity of a statute was involved, we think it clear that in this case he made no such waiver. Whether the party appealing has waived a particular error must be·determined from his assignments of.error, and from his brief and argument on appeal. In both of these the complainant asserted and insisted upon the invalidity of the statute. Upon his thus refusing to abandon a question which ousted the Appellate Court of jurisdiction, his appeal should .have been dismissed.

For the reasons above stated, the judgment of the Appellate Court will be reversed and the cause remanded to that court with directions to dismiss the appeal.

*Judgment reversed.*

Mr. JUSTICE BAKER, having heard this case in the Appellate Court, took no part in its decision here.

Mr. JUSTICE MAGRUDER: I concur in the conclusion reached by this opinion that the cause should be remanded to the Appellate Court with directions to dismiss the appeal, but think that such conclusion should be based solely upon the fact that the validity of a statute is involved. I do not concur in that portion of the opinion which discusses the questions of freehold and easement, and holds that a freehold is necessarily involved in this case.