COMMISSIONERS OF HIGHWAYS

v.

CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*Highways—Bill to Enjoin Laying Out of—Railway Track—Constitutionality of Statute—Franchise—Freehold—Appellate Court—Jurisdiction of.*

Upon a bill filed by a railroad company to enjoin commissioners of highways from laying out a highway for public and private use across its track, their action being based upon "An Act in regard to Roads and Bridges in Counties under Township Organization," etc., etc., the court below granting the injunction and an appeal being taken, this court holds, on motion to dismiss, that no serious debatable question was presented by the record as to the constitutionality of the statute in question, and that no franchise was involved, but that a question of freehold arose under the decision of the Supreme Court in Chaplin v. Commrs. of Highways, 126 Ill. 264, and that the appeal must be dismissed.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Lee County; the Hon. WILLIAM BROWN, Judge, presiding.

This was a bill in equity seeking to enjoin the opening of a highway which had been surveyed and laid out by the appellant for public and private use, between the dwelling house of one Cornelius Vroom and a public highway in said county of Lee, crossing the track and one hundred feet right of way of the appellee, which crossing had been attempted to be condemned by the commissioners of highways. It was alleged in the bill that the appellant's claim to the right to open up the said highway across appellee's right of way and maintain a road over said land, and obstruct said track, was "mere pretense, having no foundation in fact or law."

Upon answer by appellants and upon hearing, the injunction temporarily granted was made perpetual, from which order and decree this appeal was taken by the appellant. The appellant's answer sets out in detail the entire proceedings of

the commissioners of highways in laying out the road, as well as the final order.

The road is attempted to be laid out in accordance with the provisions of an act entitled, " An act in regard to roads and bridges in counties under township organization, and to repeal an act and parts of acts herein named." Approved June 23, 1883, and in force July 1, 1883. See Session Laws 1883, 136. Sec. 54 of the act under which these proceedings were had, reads as follows: " Roads for private and public use of the width of three rods or less may be laid out from one dwelling or plantation of an individual to any public road, or from one public road to another, or from a lot of land to a public road, on petition to the commissioners by any person directly interested. The commissioners on receiving such petition shall have power to lay out the road as asked for therein, to which end they shall proceed and examine into the merits of the case, and shall be governed in their proceedings by the rules and regulations prescribed in this act in relation to public roads. The jury shall consider the damages that may result to parties from said proposed road, and shall assess the damages to each individual owner of lands affected thereby. The amount of such damages shall be paid by the persons benefited thereby, to the extent and in proportion that they are benefited, to be determined and declared by the jury. The remainder of the amount of damages over and above that to be paid by the parties as aforesaid shall be paid by the town as in other cases. The amount of damages to be paid by individuals shall be paid to the parties entitled thereto before the road shall be opened for use. An appeal may be taken on the question of the propriety and necessity of such road as in other cases."

The petition directed to the highway commissioners of the town of Nelson signed by Cornelius Vroom was as follows: " Petitioner, a person directly interested in the road hereinafter prayed for, petitions that you lay out a new road for private and public use, of the width of two rods, as follows: Beginning at a point three rods north, seventy-nine degrees east, from the southeast corner of the main body of petitioner's

dwelling house, located on the southwest quarter of section sixteen in said town of Nelson (said point being on a lot of land owned by petitioner). Then south nine degrees east across the right of way of the Chicago & North-Western Railway Company, to the public highway next south said right of way and running parallel therewith, known as the Dixon and Nelson road; the point where said line would strike said highway being the terminal point of the road herein prayed for." The commissioners, after deciding to lay out the road and making the necessary order, gave the legal notices required by statute, caused a survey to be made, and the necessary plat, taking the petitioner's release of the right of way, but being unable to agree with the appellee as to its damages, caused them to be assessed by a jury before a justice according to the statute, and then entered their order laying out the road, declaring the same to be for public and private use, two rods wide, as prayed for in the petition, causing the surveyor's plat to be filed and made a part of the order May 3, 1887. The appellees appealed from said verdict of the jury and from the order of the commissioners to three supervisors, who again assessed the damages before a justice and jury, which gave to appellee $78, and found that petitioners should pay $39 of it and the town the balance; on July 14, 1887, the supervisors entered their order laying out the proposed road for a highway for public and private use, and adopted the survey made by the commissioner's order laying it out. The road was on the same forty with Vroom's house, the initial point being about equi-distant between the house and barn and outside his house yard; the general direction of the road was to the house rather than to the barn. There is an alley or lane leading from the right of way northwardly between Vroom's dwelling yard and garden, the north end of the road being in this lane.

The main point of objection to the validity of the said road is that the petition is not specific enough in averring that the proposed road was from the dwelling or plantation of the petitioner to a public road. The point is made that the statute must be strictly construed, and that the petition is defect-

ive in showing clearly that the proposed road leads from the petitioners' dwelling or plantation to the terminal point on the public highway, and the cases of Randolph v. The Com'rs of Highways, 8 Ill. App. 130, and Com. Highways v. Mallory, 21 Ill. App. 184, are cited in support.

Mr. A. C. BARDWELL, for appellants.

Messrs. W. & W. D. BARGE, for appellee.

LACEY, J.   The appellee moved the court to dismiss the appeal in this case for the following reasons:   1. The statute under which 'the road is established is unconstitutional. 2. That a franchise is involved.   This motion was taken by the court to be decided on the hearing, and must be disposed of before the merits of the case can be considered.

As to the first point it is insisted that Sec. 54 of the road and bridge act in question is unconstitutional, because it authorizes the taking of private property for *private use*, whereas it may only be taken for public use as is assumed. It is also insisted that the act is void, because the title of the act embraces more than one subject, and is, therefore, in conflict with Sec. 13 of the constitution ; we think the point that the validity of a statute is involved as being in conflict with the constitution is not well taken.   It will be seen that the act embraces only one subject, that of "roads and bridges," and the right to condemn here is invoked for the purpose of condemning the right of way across appellee's railroad track and grounds for *public* and *private* use, and not for private use alone, which is expressly authorized by the constitution.   If there was a serious debatable question properly raised here in regard to the constitutionality of the statute it would be our duty to dismiss the appeal for want of jurisdiction, but we think such is not the case.   It is said in Chaplin v. Highway Com'rs, 126 Ill. 264, " That while a mere allegation in a pleading that a given statute is unconstitutional will not necessarily raise a question as to the validity of such a statute, yet where it can be seen that the constitutional ques-

tion is one which may fairly be regarded as debatable, the question of the validity of a statute is involved in the case." We cite also Pearson v. Zehr, 125 Ill. 573; Cook County v. Chicago Industrial School for Girls, 125 Ill. 540. The bill in this case makes no charge that the statute in question is unconstitutional, neither does it appear, so far as we can see, that the question was raised in the court below. We do not regard the question as attempted to be raised here, as being fairly debatable, neither do we think that a franchise is involved in this case. It will be seen from the record that the right to condemn the right of way under said Sec. 54 of the road and bridge act is not questioned, the issues in the court below appearing to be as to the regularity of the proceedings and the jurisdiction of the commissioners of highways to proceed. The case cited of C. & W. I. R. R. Co. v. Dunbar, 95 Ill. 571, we do not regard as in point. In that case there was involved the right under its charter to condemn certain right of way in the city of Chicago, without the city having passed an ordinance locating the line of the said railroad or fixing its terminus. This brought directly in issue the question of the extent of the corporate powers of the said company which, according to the opinion of the court in that case, are franchises. Here there is no question that the appellee can exercise all its lawful franchise to possess the right of way and track under its charter. It is only sought by appellants to establish a road across it, without impairing the right of enjoyment under its charter.

But the most serious question involved here is one of freehold. Is there not a freehold involved? The Supreme Court until recently had held that a mere easement did not constitute a freehold. Lucan v. Cadwallader, 114 Ill. 285; Eckahart v. Irons, 114 Ill. 469; but those cases have now been overruled, and the opposite doctrine held to be the law. Chaplin v. Comm'rs of Highways, 126 Ill. 264. The last cited case was one where the commissioners of highways undertook to condemn the right of way for a ditch for the purpose of draining a highway in proceedings before a justice and a jury under the provisions of the 8th section of the road and bridge

act.   This, it was said, would cast a permanent burden on the appellant's land.   The court then goes on to say, "the interest acquired by the exercise of the right of eminent domain in lands taken for railroads, highways, streets or alleys, or other like purposes, where the statute does not give the power to condemn, the fee is in the nature of a perpetual easement."

The court then asks, "Is a perpetual easement which one party may have in the lands of another a freehold?"   The question is answered in the affirmative with the citation of a number of authorities.   The court then says that "the decree of the Circuit Court dismissing the bill is an adjudication affirming the validity of said proceedings and establishing the title of the municipal authorities and public to the property thus taken, by process of condemnation."   This the court say involves a freehold.   Here the decree of the court is the reverse, but the appeal would require this court to declare such freehold established if the facts and the law warrant.   The bill in this case avers that the appellee is the sole owner and possessor of the strip of land or right of way over which the road in question is sought to be established and has been such owner and possessor for twenty years and more.

It amounts to a charge that appellee had the fee in said strip, but whether it only had a perpetual right of way or a fee, we can conceive that it makes no difference in this case, as the perpetual right of way or freehold is sought by the proceedings of the commissioners to be established.   Therefore we think, in accordance with the holding of the Supreme Court in the case mentioned, there is a freehold involved in this case, and that according to the statute, the appeal should have been taken directly to the Supreme Court.

The appeal is therefore dismissed.

*Appeal dismissed.*