## Jeremiah Martin et al. v. Commissioners of Highways, etc.

1. APPEALS AND WRITS OF ERROR—*Freehold Involved.*—When the object of a writ of certiorari was to test the validity of the proceedings by which the road was established, a freehold is involved.

Memorandum.—Certiorari. Error to the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Heard in this court at the May term, 1893, and writ of error dismissed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

BAILEY & HOLLY and NEECE & SON, attorneys for plaintiffs in error.

SHERMAN & TUNICLIFF, attorneys for defendant in error.

PER CURIAM.

The plaintiffs in error filed their petition in the Circuit Court for a writ of certiorari to be directed to the town

cler, for the purpose of bringing up the proceedings of the commissioners of highways in laying out a new road and vacating an old one therein described. The petitioners are owners of land affected by the said highway, and it was alleged that the proceedings were irregular, wherefore the petitioners prayed that the same be quashed.

The court on motion quashed the writ of certiorari and dismissed the proceedings. The record comes here by writ of error, sued out by the petitioners.

We find that the object of the writ of certiorari is to test the validity of the proceedings by which the road was established, and this upon the authority of Chaplin v. Commissioners of Highways, 126 Ill. 264, and the Town of Brushy Mound v. McClintock, 46 Ill. App. 263, involves a freehold.

We must therefore dismiss the writ of error with leave to plaintiff in error to withdraw record, abstracts and briefs.