## John B. Fergus v. Herman Haupt, Jr.

1. PRACTICE—*Appeal from Justice's Court.*—Where an action on appeal from a justice of the peace, is pending in the Circuit Court, if the appellant does not appear, the appellee has the right to elect whether the appeal shall be dismissed, or he have a judgment for the amount of the judgment appealed from, and in either case with damages.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

JOHN D. ADAIR, attorney for appellant.

ALBERT H. MEADS, attorney for the appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Sec. 71, Ch. 79, R. S., entitled, "Justices," provides that "In cases of appeal from judgments of justices of the peace, the appellee shall be entitled to judgment not exceeding ten per cent damages upon the amount of the judgment, if the appeal is dismissed for want of prosecution, or if the court shall be satisfied that the appeal was prosecuted for the purpose of delay. And the court may, at the election of the appellee, render judgment against the appellant for the amount of the judgment from which the appeal is taken, with damages as hereinbefore provided."

The court below held in this case, being an appeal from a justice of the peace, and reached for trial on the call, and the appellant, below as well as here, not appearing, the appellee had the right to elect whether the appeal should be dismissed, or he should have a judgment of the Circuit Court for the amount of the judgment appealed from, in either case with damages. The appellee chose to take the judgment.

The appellant now insists that he could not do that without a trial *de novo*, proving up his case before a jury. The court below was right in its construction of the statute,

which, though not very well expressed, is clear enough in its intent. No multiplying of words would make it plainer.

But, says the appellant, if that is the proper construction, the statute is unconstitutional. If that proposition was fairly debatable, the appellant would be in the inconsistent position of having appealed for relief to a court having no jurisdiction of the question upon which his relief depends.

But holding, as we do, that the proposition is not fairly debatable (Chaplin v. Commissioners, 126 Ill. 264), the judgment is affirmed.