### Alfred J. Cronin v. Timothy Sullivan et al.

1. APPEALS—*Duty of Appellant, etc.*—On an appeal it is incumbent upon the appellant to present to the court his objections to the action of the court below by a sufficient record and abstract.

Assumpsit, etc.—Appeal from the County Court of Cook County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

KRAFT, WILLIAMS & KRAFT, attorneys for appellant.

T. E. Guerin, attorney for appellees.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellant's cause for coming to this court is shown by his abstract as follows:

"Motion by appellant to dismiss suit on the ground that the transcript did not show the jurisdiction of the justice of the peace before whom the case was tried below, of the subject-matter. Motion overruled and exception by defendant.

Motion by defendant to strike case from short cause calendar, on the ground that it had been previously reached for trial and disposed of on said short cause calendar. Motion overruled and exception by defendant.

Motion by defendant to strike case from short cause calendar, on the ground that no original affidavit to the effect that said case would not occupy more than one hour's time in the trial thereof had been filed, as is required by statute. Motion overruled and exception by defendant.

Order dismissing appeal at defendant's costs, with statutory damages, and awarding *procedendo*. Exception by defendant to order dismissing appeal at defendant's costs; to awarding of statutory damages, and to awarding of *procedendo*."

There is nothing showing what the transcript was in fact, nor whether the reasons assigned for striking the case from the short cause calendar were true or false.

Probably the court ought not to have dismissed the appeal, but should have required the appellee—plaintiff below —to prove his case before a jury. On this record, however, no error in that regard is shown. By the bill of exceptions it appears that after the motions of the appellant had been denied, he elected to stand by them and said he would not put in any defense.

What became of him then does not appear; the record says he was "three times solemnly called in open court, comes not, nor does any person for him, but herein he makes

default and fails to prosecute his appeal in this behalf," and then on motion of the appellee here, that appeal was dismissed. That action was regular on the facts as recited in the record. Fergus v. Haupt, 54 Ill. App. 190.

That the appellant got back in time to except to the " order of dismissal," does not make the order irregular.

The objections of the appellant which he has argued, being disposed of, the judgment is affirmed.