THE VILLAGE OF HARLEM

*v.*

THE SUBURBAN RAILROAD COMPANY.

*Opinion filed October 25, 1902.*

APPEALS AND ERRORS—*right of railroad company to perpetual easement in street involves a freehold.* A freehold is involved in a suit by a railroad company to perpetually enjoin a village from interfering with the complainant's right to maintain its railroad in a certain street, which right was conferred by ordinance and is alleged to constitute a perpetual easement in such street for railroad purposes.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

F. J. GRIFFEN, and FRANK LITTLE, for appellant.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed by appellee in the circuit court of Cook county, against the appellant, to enjoin the village of Harlem, and its president and board of trustees, from forfeiting the rights of the appellee to maintain and operate its railroad upon Sterling street and Mizner avenue, in said village, and to enjoin said village, its officers and agents, from interfering with or

118—22

destroying the railroad property of the appellee located upon said street and avenue, and to enjoin its lessor, the Chicago Terminal Transfer Railroad Company, from forfeiting the lease under which it is operating its railroad in and through said village of Harlem, and for a construction of the ordinances under which it is operating its railroad in and through said village. The issues were made up, and upon a trial the court entered a decree in favor of the appellee, perpetually enjoining the village of Harlem, and its officers and agents, from forfeiting the rights of appellee to operate its railroad upon said street and avenue and from interfering with or destroying its railroad property located thereon, and enjoining said lessor, the Chicago Terminal Transfer Railroad Company, from forfeiting the lease to appellee under which it was operating its railroad, and construing the ordinances under which said railroad was being operated in and through said village, in such manner as to permit and allow the appellee to continue the maintenance and operation of its railroad upon said street and avenue. The village of Harlem sued out a writ of error from the Appellate Court for the First District to reverse said decree, whereupon the appellee moved the Appellate Court to dismiss the writ of error for want of jurisdiction in that court to hear and determine the same. The Appellate Court sustained the motion and dismissed the writ of error, and the village of Harlem has brought the record, by appeal, to this court for further review, and has assigned as error that the Appellate Court erred in adjudging that the writ of error be dismissed.

One ground urged for a dismissal of the writ of error in the Appellate Court was, that the court was without jurisdiction to hear and determine the cause as a freehold was involved. The appellee claims the right to perpetually maintain and operate its railroad in Sterling street by virtue of an ordinance passed October 10, 1887, and in Mizner avenue by virtue of an ordinance

passed June 20, 1894, by the village of Harlem, while the village disputes the existence of such right. The suit having been brought to perpetually enjoin the village from interfering with the right of the appellee to maintain and operate its railroad upon said street and avenue, the right of the appellee to perpetually use and enjoy said street and avenue for the purpose of maintaining and operating its railroad thereon is directly involved, the claim of appellee being, that it has a perpetual easement in said street and avenue for railroad purposes. A perpetual easement in lands, or any interest in lands in the nature of such easement, when created by grant or by any proceeding which in law is equivalent to a grant, constitutes a freehold. (*Chaplin* v. *Comrs. of Highways*, 126 Ill. 264; *Oswald* v. *Wolf*, id. 542; *Tinker* v. *Forbes*, 136 id. 221; *Town of Brushy Mound* v. *McClintock*, 146 id. 643; *Waggeman* v. *Village of North Peoria*, 160 id. 277.) In *Chaplin* v. *Comrs. of Highways, supra,* on page 273, Mr. Justice BAKER, while speaking on behalf of the court, said: "In *Lucan* v. *Cadwallader*, 114 Ill. 285, and *Eckhart* v. *Irons*, id. 469, this court held that a mere easement did not constitute a freehold estate. We are now of the opinion that those decisions were pronounced without sufficient consideration. A perpetual easement in lands, or any interest in lands in the nature of such easement, when created by grant, or by any proceeding which is in law equivalent to a grant, constitutes a freehold. A legal interest in lands is to be deemed a freehold, not because of the kind or quantity of the interest, but by reason of its sufficient, legal, indefinite duration. An easement for life or in fee is a freehold, and to this extent the cases above referred to must be regarded as overruled."

We are of the opinion that a freehold is involved in this case, and that the order of the Appellate Court dismissing the appeal to that court was properly entered. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*