THE PEOPLE *ex rel.* Samuel Goldman

*v.*

CARTER H. HARRISON, Mayor, *et al.*

*Opinion filed October 23, 1906—Rehearing denied Dec. 5, 1906.*

1. APPEALS AND ERRORS—*Appellate Court's judgment is void if it did not have jurisdiction.* If the Appellate Court had no jurisdiction of the subject matter of a cause, its judgment, and all other proceedings in that court anterior and subsequent thereto, are *coram non judice* and of no effect.

2. SAME—*effect where the Appellate Court did not have jurisdiction—practice.* If the Appellate Court assumes jurisdiction of a cause in which appellate jurisdiction is exclusively in the Supreme Court its judgment is void, and upon appeal therefrom the Supreme Court will reverse the judgment and remand with directions to dismiss the appeal.

3. SAME—*jurisdiction of subject matter cannot be conferred by consent.* The Appellate Court has no appellate jurisdiction in cases involving a franchise, freehold or the validity of a statute, and such jurisdiction cannot be conferred by consent of the parties.

4. SAME—*jurisdiction where city ordinance is attacked.* If the ground upon which a city ordinance is attacked is such that neither the validity of a statute nor the construction of the constitution is involved, the appeal should go to the Appellate Court; but if the manner of attack involves the validity of a statute or the construction of the constitution, and that question is raised and decided, then the appeal should go to the Supreme Court.

5. SAME—*when Appellate Court has jurisdiction.* If the validity of an ordinance is not attacked in the trial court upon any ground, the issue being one of fact as to whether the provisions of the ordinance apply, the Appellate Court has jurisdiction of the appeal, and the validity of the ordinance cannot be questioned in the Appellate or Supreme Court.

6. SAME—*party must obtain decision upon his claim that ordinance is unconstitutional.* In *mandamus* to compel a mayor to issue a junk shop license, if the petitioner charges, in his replication, that the junk shop ordinance is unconstitutional and void, but fails to submit a proposition of law to that effect and obtain a decision thereon, the question is waived and cannot be raised on appeal.

7. SAME—*when judgment of Appellate Court is conclusive.* A judgment of the Appellate Court reversing without remanding, and reciting that at the time the relator made application for a license

to keep a junk shop at the location specified, and up to the time of filing the petition, more than two-thirds of the buildings on both sides of the street were occupied exclusively for residence purposes, is final and conclusive, where such question was the only issue tried in the case.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. E. HANECY, Judge, presiding.

Samuel Goldman filed his petition in the superior court of Cook county against Carter H. Harrison and the city of Chicago for a *mandamus* to compel the issuance of a license to keep a junk shop at 152 Cleveland avenue, in Chicago. The petition contained averments showing that the petitioner had complied with the ordinance relating to the issuing of junk shop licenses, and that he was the owner of the premises and that he had conducted a junk shop therein for the past fourteen years, and had an established business which would be lost if the license was not granted to him. The petitioner also sets out, and the answer of respondents relies upon, amended section 49 of the building ordinance of the city of Chicago, which is as follows: "It shall not be lawful for any person, firm or corporation to locate, build, construct or maintain on any street or alley in the city of Chicago, in any block in which two-thirds of the buildings on both sides of the street are used exclusively for residence purposes, any building for a livery stable, gas reservoir, blacksmith shop, foundry, packing house, rendering plant, soap factory, tannery, brewery or distillery, grain elevator, junk shop, or laundry to be run by machinery, without the written consent of a majority of such property owners, according to frontage on both sides of such alley or street. Such written consent shall be obtained and filed with the commissioner of buildings before a permit issued for the construction or keeping of such building: *Provided,* that

in determining whether two-thirds of the buildings on both sides of the street are used exclusively for residence purposes, any building fronting upon another street and located upon a corner lot shall not be considered."

Appellant did not comply with the above section of the building ordinance, but tendered an issue of fact that the block within which petitioner's premises were situated was a block wherein more than one-third of the buildings on both sides of the street were used for business purposes and that two-thirds of said buildings were not used exclusively for residence purposes. In his replication to respondent's answer, which set up and relied upon the above ordinance, petitioner replied that the above section of the building ordinance was unconstitutional and void, and for that further reason he was not required to obtain the written consent of the majority of the property owners whose property fronted on said street.

By agreement of parties the jury was waived and the cause tried by the court. Evidence was introduced by both parties as to the occupancy of the various buildings on both sides of Cleveland avenue in the block in which petitioner's premises are located, and the court decided the case on this single issue in favor of the petitioner and awarded a peremptory *mandamus* as prayed for. No propositions of law were submitted to the trial court. The respondents excepted to the judgment and prayed an appeal to the Appellate Court for the First District, where, upon a consideration of the evidence, the Appellate Court reversed the judgment of the superior court and made the following finding of facts: "The court finds as a fact that at the time the relator made an application for a license to keep a junk shop at 152 Cleveland avenue, Chicago, as stated in the petition herein, and from that time until the filing of said petition, two-thirds and more of the buildings on both sides of the street in the block in which said building, 152 Cleveland avenue, was situated were used exclusively for residence purposes."

From the judgment of the Appellate Court petitioner below, by his appeal, brings the case to this court, and asks a reversal on the grounds that the Appellate Court had no jurisdiction of the subject matter, and that the ordinance in question, if construed to apply to buildings erected and used as junk shops prior to its passage, is retrospective, unconstitutional and void.

E. N. ZOLINE, for appellant.

WILLIAM D. BARGE, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Under our statutes and numerous decisions of this court the finding of facts by the Appellate Court is final and conclusive as to all matters of fact in controversy in this cause. (Hurd's Stat. 1905, chap. 110, sec. 88; *Williams* v. *Forbes,* 114 Ill. 167; *Siddall* v. *Jansen,* 143 id. 537; *Northwestern Brewing Co.* v. *Manion,* 145 id. 182; *Lenz* v. *Harrison,* 148 id. 598; *Aachen and Munich Fire Ins. Co.* v. *Crawford,* 199 id. 367.) The only question that can be determined by this court in a case where the reversal in the Appellate Court is the result of a finding of the facts wholly or in part different from the trial court, is whether the Appellate Court has erred in applying the law to the facts so found. (See cases above cited.) If, however, the Appellate Court had no jurisdiction of the subject matter of this cause, then its judgment, and all other proceedings anterior and subsequent thereto, are *coram non judice* and of no effect. (7 Am. & Eng. Ency. of Law,—2d ed.—595.)

Where the Appellate Court assumes jurisdiction of a cause in which appellate jurisdiction is exclusively in this court, and adjudicates therein, and an appeal from such void judgment is prosecuted to this court, it is our duty to reverse the erroneous decision and remand the cause to the

Appellate Court with directions to that court to dismiss the appeal. (*Chaplin* v. *Comrs. of Highways,* 126 Ill. 264; *Perry* v. *Bozarth,* 198 id. 328.) The Appellate Court has no jurisdiction in cases involving a franchise, freehold or the validity of a statute, and such jurisdiction cannot be conferred by consent of parties. (*Fleischman* v. *Walker,* 91 Ill. 318; *Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 id. 516; *Perry* v. *Bozarth, supra.*) But a city ordinance is not a statute within the meaning of section 88 of the Practice act. (*Wood* v. *City of Chicago,* 205 Ill. 70.) In that case it is said: "We are authorized to take jurisdiction of an appeal from the circuit court where the validity of a statute is involved; but an ordinance is not a statute, and we have no jurisdiction of this appeal under that provision." It is true, the validity of an ordinance may depend upon the construction of the constitution or the validity of a statute, and where such question is properly presented this court would take jurisdiction, primarily for the reason that the validity of a statute or the construction of the constitution was involved, and not because the validity of an ordinance was involved as an incident to the decision of the other questions. The validity of city ordinances may be attacked for a number of reasons, such as, that they were not properly published by a duly authorized municipal corporation; or that they are not within the inherent or delegated powers of the municipality; or that they do not relate to a subject within the scope of the municipal government; or that they are in violation of the constitution or laws of the United States or the State or contrary to the charter or general principles of the common law; or because they are unreasonable or are not properly passed by the legislative branch of the municipal government; or because of uncertainty or other want of proper form; or because not enacted in good faith and for a legitimate purpose of the local government. (McQuillin on Mun. Ordinances, sec. 14, and cases there cited.) If the manner in which the validity of the ordinance

is called in question necessarily involves the validity of a statute or a construction of the constitution, and that question is raised and decided, then the appeal from such decision would lie direct to this court. On the other hand, if the ground upon which the ordinance is attacked is such that neither the validity of a statute nor the construction of the constitution is involved the appeal should be to the Appellate Court. In the case at bar the validity of the ordinance was not attacked upon any ground in the trial court. It is true, the replication of appellant charged that the ordinance was unconstitutional and void; but no propositions of law requiring the court below to pass on that or any other question were presented to the trial court and no holding was made on the question now urged in this court. If appellant desired to raise the question of the validity of the ordinance on the ground that it was in violation either of a statute or the constitution, he should have embodied that question in a written proposition to be held as the law and preserved an exception to the ruling. Even a constitutional provision designed to protect the civil rights of a citizen may be waived, and will be so waived unless the question is raised and the right insisted upon in the trial court. It cannot be raised for the first time in this court. (*Chiniquy* v. *People,* 78 Ill. 570; *Farwell* v. *Shove,* 105 id. 61; *People* v. *McCoy,* 132 id. 138; *Board of Supervisors* v. *Highway Commissioners,* 164 id. 574; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa,* 165 id. 207; *Mechanics' Savings Ass.* v. *People,* 184 id. 129; *Cummings* v. *People,* 211 id. 392.) It is too late to raise the question of the validity of the ordinance, after the appellant has treated it as valid, until the case reaches this court.

There being no question of law presented for the decision of this court, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*