## City of Lewistown v. Hardy Fitch et al.

1. DRAM-SHOPS—*ordinance prohibiting minors from frequenting, valid.* A city may within its police power lawfully pass an ordinance prohibiting minors from frequenting or loitering in dram-shops or from procuring intoxicating liquors therein, and the exercise of this power is not directly or indirectly precluded by virtue of the existence of the present dram-shop act.

Criminal proceeding to recover penalty. Appeal fom the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed November 27, 1906.

C. M. DOWD and MARVIN F. ROBISON, for appellant.

HARRY M. WAGGONER, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant brought separate suits against appellees to recover penalties for the alleged violation by appellees of section 11 of the dram-shop ordinance of the city of Lewiston. Section 11 reads as follows:

"Section Eleven: Minors: No minor shall enter into a saloon or dram-shop for the purpose of procuring intoxicating liquors for himself or another, nor for any other purpose except on the occasion of a lawful errand in the due course of business; provided, this shall not apply to minors who shall have procured or hold from their parents, guardian or family physician, written permission to procure or purchase intoxicating liquors. Any minor violating the provisions of this section shall, upon conviction, be fined in any sum not less than Twenty ($20) Dollars, nor more than One Hundred ($100) Dollars, to be recovered before the justice of the peace of the county on complaint of any person aggrieved."

The complaints against the several appellees, the hearings upon which were consolidated in the court

below, charge appellees, minors, with having violated said section 11, by entering a saloon or dram-shop for the purpose of procuring intoxicating liquors, they not having or holding written permission from their parents, guardians or family physician to so purchase or procure intoxicating liquors.

Upon the trial the court sustained an objection interposed by counsel for appellees to the admission in evidence of said section 11 of the dram-shop ordinance, and instructed the jury to return a verdict finding appellees not guilty. Judgment was entered upon the verdict so returned and this appeal followed.

Several reasons are urged by counsel for appellees in support of the ruling of the trial court excluding from the jury the section of the ordinance in question. Some of the reasons urged relate to the constitutionality of the section of the ordinance involved and are, therefore, not within the jurisdiction of this court to determine. The main contention urged on behalf of appellees is that section 11 of the ordinance is inconsistent with section 14 of chapter 43 of the Statutes of this State which provides that "in all cases the persons to whom intoxicating liquors shall be sold in violation of this (dram-shop) act, shall be competent witnesses." The argument advanced is, that the enforcement of the section in question imposing a penalty upon a minor for its violation, will deprive the State of proof to which it is entitled in prosecutions for violations of the State law imposing a penalty upon saloon keepers for selling intoxicating liquor to minors. In other words, that a minor called as a witness by the State to prove a violation of the dram-shop act by sales of liquor to him, will, if section 11 of the ordinance in question shall be held to be effective, and he be liable to a penalty for procuring intoxicating liquors, be entitled to claim his personal privilege to refuse to testify upon the ground that his testimony might incriminate him or subject him to the payment of a penalty, and he would thereby be made

an incompetent witness. The argument while specious is not sound. The competency of a witness relates to his legal qualification to testify, and a witness may be competent to testify notwithstanding his right to exercise a personal privilege to refrain from testifying. That a witness by testifying may incriminate himself or subject himself to the payment of a penalty authorizes him to exercise his personal privilege to refuse to testify, but the exercise by such witness of his personal privilege to refuse to testify does not render him incompetent. Such a witness labors under no legal disqualification, such as arises from interest in the result of the suit, or the death or disqualification of a party to the communication or transaction, or the like.

For the purpose of preventing the debauchment of its youth, a city may, within its police powers, lawfully pass an ordinance prohibiting minors from frequenting or loitering in dram-shops, or from procuring intoxicating liquors therein. State v. Austin, 114 N. C. 855.

We are of opinion that the court erred in excluding section 11 of the ordinance from the jury, and in directing a verdict, and the judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*