### Hardy Fitch et al. v. City of Lewistown.

1. APPEAL—*when Appellate Court without jurisdiction to de-termine.* An appeal which involves the construction of the constitution of the state is not within the ·jurisdiction of the Appellate Court to determine.

2. ORDINANCE—*with respect to sale of intoxicating liquor; when does not illegally discriminate.* An ordinance regulating the sale of intoxicating liquors is not illegal in discriminating between minors who have the written permission of their parents, guardian or family physician and those who have not such permission.

Action to recover penalty for violation of ordinance. Appeal from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

HARRY M. WAGGONER, for appellant.

MARVIN T. ROBINSON and E. W. KEEFER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by the city of Lewistown, appellee, against Hardy Fitch, appellant, to recover a penalty for the alleged violation by appellant of the provision of section 11 of the city ordinance of the city of Lewistown relating to dram-shops. The section of the ordinance in question is as follows:

"No minor shall enter into a saloon or dram-shop for the purpose of procuring intoxicating liquors for himself or another, nor for any other purpose except on the occasion of a lawful errand in the due course of business; *provided,* this shall not apply to minors who shall .have procured or hold from their parents, guardian or family physician, written permission to procure or purchase intoxicating liquors. Any minor violating the provisions of this section shall, upon conviction, be fined in any sum not less than twenty

($20.00) dollars, nor more than one hundred ($100.00) dollars, to be recovered before a justice of the peace of the county on complaint of any person aggrieved.''

Upon the first trial of the case in the Circuit Court of Fulton county upon appeal from a judgment against appellant before a justice of the peace, the court sustained the objection of appellant to the introduction in evidence of said section 11 of said ordinance and directed the jury to find appellant not guilty. From the judgment in that case against appellee in bar of its action and for costs, appellee prosecuted its appeal to this court where such proceedings were had that the said judgment of the Circuit Court was reversed and the cause remanded for another trial. City of Lewistown v. Fitch, 130 Ill. App. 170. Upon a second trial of the cause before the court without a jury it was admitted by appellant that he was a minor and that within eighteen months prior to the commencement of this suit he entered a saloon, within the corporate limits of the city of Lewistown, for the purpose of procuring and purchasing intoxicating liquor, and did so purchase and procure such liquor not then having the written permission of his parents, guardian or family physician.

The objection of appellant to the introduction in evidence of said section 11 of said ordinance was overruled by the court and thereupon the court found appellant guilty and entered judgment against him for $20 as a penalty, and for costs of suit. The questions raised by appellant upon this appeal are substantially identical with those involved on the former appeal, wherein it was insisted that the section of the ordinance above quoted was invalid. Appellant's objections to the ordinance were embodied in the several propositions of law submitted to be held by the trial court as follows:

1. Section 11 of the ordinance offered in evidence in this case is void.

2.  Section 11 of the ordinance offered in evidence in this case is inconsistent with the statute of the State of Illinois.

3.  Section 11 of the ordinance offered in evidence in this case is against public policy.

4.  The city council of said city of Lewistown had no power to pass section 11 of the ordinance offered in evidence in this case.

5.  Section 11 of the ordinance offered in evidence in this case in unconstitutional.

6.  Section 11 of the ordinance offered in evidence in this case is an infringement of the spirit and is repugnant to the public policy of the State of Illinois as declared by its legislation.

7.  Section 11 of the ordinance offered in evidence in this case is not general in its character.

8.  Section 11 of the ordinance offered in evidence in this case does not operate equally upon all persons in the same class.

9.  Section 11 of the ordinance offered in evidence in this case is a discrimination of persons of the same class and makes an act done by one penal and imposes no penalty for an act done under like circumstances upon another.

10.  Section 11 of the ordinance offered in evidence in this case is unreasonable.

These propositions the trial court refused to hold as the law of the case, but held the ordinance to be a legitimate exercise by the municipality of its legislative authority and valid. It is urged, as it was upon the former appeal, that the ordinance in question is in conflict with the provisions of the constitution of this State and of the constitution of the United States, but our attention has not been specifically directed to any such provisions. If the objection to the ordinance sought to be urged by counsel for appellant upon constitutional grounds involves a construction of the constitution this court is without jurisdiction to pass

upon such objections. People v. Harrison, 223 Ill. 540; People v. The Clean Street Company, 225 Ill. 470. The determination of the question whether or not a municipal ordinance is in contravention of the provisions of the constitution almost necessarily involves a construction of such constitutional provisions.

The objection that the ordinance is discriminatory between persons of the same class because it makes a distinction between minors who have the written permission of their parents, guardian or family physician, to procure or purchase intoxicating liquors and those who have not such permission is, in our opinion, without force. Section 6 of the Dram-shop Act of this state which makes it unlawful to sell or give intoxicating liquors to a minor exempts from its operation the sale or gift of such liquors to a minor who has a written order from his parent, guardian or family physician, and we are not advised that such exemption, which is analogous to the exemption in the ordinance here involved, has ever been held to nullify the provisions of said section.

The contention of appellant that the ordinance in question is inconsistent with section 14 of the Dram-shop Act, which provides that in all cases the persons to whom intoxicating liquors shall be sold in violation of the provisions of said act, shall be competent witnesses, because the imposition of a penalty upon a minor for a violation of the provisions of said ordinance would operate to deprive the state of proof to which it is entitled in prosecutions for violations of the Dram-shop Act imposing a penalty upon saloonkeepers for selling intoxicating liquors to minors, was fully disposed of in the opinion filed in this case upon the former appeal, and we adhere to the views there expressed upon that question.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*