THE COMMISSIONERS OF UNION DRAINAGE DISTRICT

*v.*

THE COMMISSIONERS OF HIGHWAYS.

*Opinion filed October 25, 1902.*

APPEALS AND ERRORS—*when judgment of Appellate Court must be reversed.*   If the validity of the statute upon which the plaintiff's right of action is based is properly in issue in the trial court, and is involved in the Appellate Court under the errors or cross-errors assigned, that court has no jurisdiction to entertain the appeal, and its judgment on the merits must be reversed and the cause remanded, with directions to dismiss the appeal.

*Comrs. of Drain. Dist.* v. *Comrs. of Highways,* 87 Ill. App. 93, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. G. W. BROWN, Judge, presiding.

CARNES & DUNTON, and JOHN FAISSLER, for appellant.

HOPKINS, THATCHER & DOLPH, and JONES & ROGERS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Union Drainage District No. 3 of the town of Virgil, in Kane county, and the town of Cortland, in DeKalb county, excavated a ditch across a public highway on the town and county line between said towns, and determined that a bridge across said ditch was necessary for the use and protection of the ditch. In the opinion of the board of commissioners of the district the cost of constructing such bridge should, under the provisions of section 40½ of the act entitled "An act to provide for drainage for agricultural and sanitary purposes," etc., approved June 27, 1885, (2 Starr & Curt. Stat. 1896, chap. 42, par. 147, p. 1552,) be paid by said towns of Virgil and Cortland. The commissioners of said drainage district, as in pursuance of the proviso to said section 40½, caused notices to be served on the commissioners of highways of said towns, respectively, to build the bridge. The highway commissioners failed or refused to provide the bridge, and the drainage commissioners caused a bridge to be constructed over the ditch at a cost of $426.05. The drainage commissioners thereupon began an action in debt in the circuit court of DeKalb county against the said towns of Virgil and Cortland, to recover against said towns, jointly, for the amount so expended by them in building the bridge. The defendant the town of Virgil made default, and the town of Cortland filed the pleas of *nil debet, nul tiel* corporation, and a special plea, in substance, that the town of Virgil and the town of Cortland had allotted the highway on the line between said towns in such manner that it became the duty of the town of Virgil, under said allotment, to construct all bridges on that portion of the highway which was intersected by the ditch of the drainage district, and that the allotment appeared in the public records, and that the appellant district had due notice thereof. The cause was, by agreement, submitted to the court without a jury, upon

199—6

a stipulation of facts. Among other propositions of law presented to the trial judge to be held or refused as the law of the case, each of the litigants presented propositions calling upon the court to decide as to the constitutionality and validity of said section $40\frac{1}{2}$, on the provisions whereof the appellant district based its right to recover in the action. The court held as correct the propositions which declared the section in question to be constitutional and valid, but sustained the third plea presented by the town of Cortland as constituting a good defense for said town, and rendered a judgment against the town of Virgil in the sum of $426.05. From this judgment the appellant district prosecuted an appeal to the Appellate Court for the Second District. The drainage district, in the Appellate Court, assigned upon the record as for error the refusal of the trial court to hold a proposition of law, in substance, to the effect that the alleged allotment of the several portions of the highway in question between the said two towns did not operate, in law, to relieve the town of Cortland from liability in the action, and assigned other errors not important here to be noted. The town of Cortland applied to the Appellate Court for and was granted leave to assign cross-errors upon the record, and under such leave assigned as for error the action of the circuit court in refusing to hold the propositions of law presented by it to the effect that said section $40\frac{1}{2}$ is unconstitutional, and also that the court erred in holding the propositions presented in behalf of the drainage district, ruling that said section is a constitutional and valid enactment. In this appeal we can review the decision of the Appellate Court only upon errors there properly assigned and over which the Appellate Court had jurisdiction to pass. (*Indiana Millers' Fire Ins. Co.* v. *People*, 170 Ill. 474.) If the validity of the statute was properly in issue before the trial court and was involved in the cause upon the errors and cross-errors assigned in the Appellate Court, the Appellate Court

was without power to entertain jurisdiction of the cause and should have dismissed the appeal to that court. The cause was submitted to the Appellate Court and judgment was entered by that court reversing the judgment of the circuit court and remanding the cause, with directions to dismiss the cause at the cost of the drainage district. The drainage district applied for and was granted a certificate of importance, and has prosecuted its further appeal to this court.

Counsel for appellant in the brief filed in this court, by way of argument and citation of authorities, seek to support the position that said section 40½ is not in contravention of any constitutional provision but is a valid and enforceable enactment. Counsel for the appellee the town of Cortland combat this view, and offer argument and cite authorities to support their contention that the enactment in question is unconstitutional and invalid. The brief of counsel for appellant in reply devotes five pages to the further discussion of the validity of the section. An examination of the record discloses that the question of the validity of the statute in question is raised for decision. It is clear, if the section is invalid the appellant district has no legal right to recover. Whether the section is in contravention of the provisions and limitations of the constitution, and therefore invalid, is a question upon which the Appellate Court had no power to pass. The Appellate Court was wanting in jurisdiction to entertain the appeal herein or to enter any judgment therein. The judgment of the Appellate Court must be reversed and the cause remanded to that court with directions to dismiss the appeal. *Chaplin* v. *Highway Comrs.* 126 Ill. 264; *Perry* v. *Bozarth*, 198 id. 328.

Accordingly the judgment of the Appellate Court is reversed and the cause is remanded to that court with directions to dismiss the appeal.

*Reversed and remanded, with directions.*