## Jacob B. Schlosser, Appellee, v. Commissioners of Highways of Town of Warren, Appellants.

### Gen. No. 4,914.

SUPREME COURT—*when Appellate Court should transfer appeal to.* Notwithstanding the judgment in the lower court rendered in a cause was entered prior to the amendment of 1907, yet it is the duty of the Appellate Court, where it finds that an appeal should have been taken to the Supreme Court, to transfer the case to that court, where the case is considered in the Appellate Court after that act went into effect.

*Certiorari.*   Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding.   Heard in this court at the October term, 1907.   Transferred to Supreme Court.   Opinion filed November 12, 1907.

ORVIS & EDWARDS, for appellants.

COOKE, POPE & POPE, for appellee.

**Per Curiam.**   Appellee filed a petition in the Circuit Court of Lake county and thereon obtained a writ of *certiorari·* commanding the highway commissioners of the town of Newport and Warren in said Lake county to certify and transmit to the Circuit Court for its inspection the record and proceedings whereby said commissioners vacated a certain established highway and laid out a certain new high-

way in said county of Lake, it being alleged in the petition that by an inspection of said record and proceedings it would appear that they were without jurisdiction and illegal and void. A motion to quash the writ was interposed and denied. Return was made to the writ, and upon a hearing the proceedings were quashed on May 22, 1907. The commissioners of highways of the town of Warren then prayed an appeal from said judgment to this court and were allowed such appeal on condition that they file a bond with certain security. They filed an appeal bond on July 11, 1907, and it was on that day approved. Perry v. Bozarth, 198 Ill., 328, is conclusive that this case involves a freehold, and that we have no jurisdiction thereof. If we had determined this case prior to July 1, 1907, it would have been our duty to dismiss the appeal. By section 102 of the Practice Act, which then came in force, it was provided that if a case is brought to this court by appeal when it should have been taken to the Supreme Court, this court, immediately upon so adjudging, shall direct the clerk to transmit the transcript and files with the order to transfer to the Supreme Court, where the case shall proceed as if the appeal had been originally taken to that court.

Appellee insists that, as the statute just referred to was not in force when this judgment was entered in the court below, we should not transfer the case but should dismiss the appeal. We hold, on the contrary, that we are now governed by the provisions of the new Practice Act above referred to.

The clerk is therefore directed to transfer the record and files and the order of this court to the Supreme Court.

*Transferred to the Supreme Court.*