**Frank Haigh, Appellant, v. John T. Lenfesty et al., Appellees.**

**Gen. No. 4,980.**

APPEALS AND ERRORS—*when freehold involved.* A freehold is involved where the issue is as to the existence or non-existence of the right perpetually to maintain a dam of a certain height upon the land of another.

Bill in chancery. Appeal from the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1908. Transferred to Supreme Court. Opinion filed May 7, 1908.

Statement by the Court. This is a bill in chancery brought by Frank Haigh, appellant, against John T.

Lenfesty, Edwin R. Beardsley and Olive Beardsley, appellees, praying that the defendants be enjoined from constructing or maintaining a dam on the Kankakee river and from raising and backing up water on certain land to the damage of complainant. The allegations of the bill so far as it is necessary to state them are these; that complainant is the owner of certain lots and one hundred and eighty acres of land in the township of Aroma, Kankakee county, and has owned and been in possession thereof for more than seven years; that complainant's grantors had been the owners and in possession of said lands for over twenty years; that said lands adjoin the north bank of the Kankakee river and that complainant owns to the center of said river; that the defendants are the owners of certain real estate lying on both sides of said river; that there has been located on the lands of the defendants for more than thirty years certain mills operated by water power; that the power was furnished by a dam constructed across the river in 1852; that said dam remained on said premises of defendants until 1903 backing water up the river adjoining and opposite the premises of complainant. It is further alleged that the land of complainant being further up the river than the land of the defendants, that in August, 1903, the defendants constructed another dam fifty feet down the stream, thereby raising the water at least twelve inches higher than the old dam caused water to be raised in the river and to a greater height than it had ever been raised and that by reason of the construction of the new dam a large portion of complainant's farm was entirely submerged by the new dam backing up water further than the old dam backed water; that complainant had expended large sums of money in digging drains and his drainage is injured and the producing qualities of his farm reduced by said overflowing, and that complainant will sustain irreparable damage if defendants are permitted to maintain said dam, and prays that defendants be restrained from main-

taining a dam "except at the same place and of the same height as the dam constructed prior to 1903 and from raising the water on complainant's land to any greater height than it had been maintained for twenty years prior to 1903" and that the dam built in 1903 be ordered removed.

The defendants answered the bill denying that complainant is the owner of the land claimed by him or that he had been in possession of the same for seven years or that his grantors had been for more than twenty years. The answer admits the construction of the dam in 1852, and that it has remained from thence to the present time and that the dam built in 1852 backed the water up the river not only to and adjoining the alleged premises of complainant but further up the river and beyond the alleged premises of complainant. The defendants admit the construction of a new dam in 1903 upon their own premises a few feet further down the stream than the old dam, which they assert remains in the river at the place where it was erected more than forty years ago, and deny that the dam constructed in 1903 was or is any higher than the dam built in 1852, or that the new dam raises the water any higher than it was raised by the old dam. The defendants in their answer say that the original dam was constructed on premises owned by the defendants for the last thirty years, and that the dam erected in 1903 is on the premises of the defendants and is not higher than the old dam still in the river and further say they have had for twenty years the legal right to erect on said premises belonging to these defendants a dam across said river to the height of, to wit, seven feet above the bed of the river as it existed thirty years ago and "have the further legal right to back the water up upon the alleged premises of complainant to the extent it may be backed up by the erection and maintenance of a dam upon the premises of the defendants of the height of seven feet by virtue of said right having been conveyed to these defendants

and their grantors by the original owners of the alleged premises of complainant'' and deny the right of complainant to the relief sought. A replication was filed. After a trial on the pleadings and evidence adduced in open court a decree was entered finding the equities against the complainant and dismissing the bill. The complainant appeals to this court.

SMALL & BROCK, for appellant.

W. R. HUNTER, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

From both the pleadings and the evidence it appears that the question involved in this appeal is the right of the appellees, who own land on the Kankakee river lower down the river and adjoining the premises of appellant, to back the water of the river upon the premises of appellant by the construction of a dam upon their own premises. Appellees in their answer claim the right under a grant by a deed to their grantors made by grantors of appellant while said grantors of appellant owned said overflowed premises, and by user under such grant. The evidence shows that in 1852, one Wylie, who at that time owned the premises now owned by appellant, granted the right to build on the premises now owned by appellees a dam of the height of six feet above the bed of the river, and that appellees have become the owners of said grant. The appellees by their defense claim a perpetual easement in the lands of appellant. Such an interest in land is a freehold. Chaplin v. Commissioners of Highways, 126 Ill. 264 (overruling Lucan v. Cadwallader, 114 Ill. 285, and Eckhart v. Irons, *id.* 469); Perry v. Bozarth, 198 Ill. 328; Foote v. Marggraf, 233 Ill. 48; 10 Am. & Eng. Ency. of Law, 398 (2nd Ed.); 1 Preston on Estates, 13; Hewlins v. Shippam, 5 Barn. & Cress, 221. The right granted by deed to maintain a dam perpetually

Haigh v. Lenfesty.

at a certain height and thereby cover the land of another to the extent that a dam of the height contended for would flood it is an easement that involves a freehold.

This court has no jurisdiction of a case involving a freehold and the clerk is therefore directed under section 102 of the Practice Act of 1907 to transmit the transcript and files of this case to the Supreme Court.

*Transferred to Supreme Court.*