DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

---

## Kate Blust Craig, Appellee, v. Lewis J. Craig et al., Appellants.

### Gen. No. 5231.

FREEHOLD—*when involved.* A freehold is involved where the main litigated question is whether the complainant has stated such facts as show that she has a perpetual right of way appurtenant to a tract of land owned by her over a tract of land owned by the defendant.

Bill for injunction. Appeal from the Circuit Court Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1909. Transferred to Supreme Court. Opinion filed March 11, 1910.

A. M. CAVAN and E. J. RILEY, for appellants.

ISAAC B. HAMMERS and C. G. SCHROEDER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Kate Blust Craig, the appellee, filed a bill of complaint against her sister, Sophia Craig, and her sister's husband, Lewis J. Craig, in which she alleged that she was the owner of a certain 40 acre tract of land in Woodford county, and that her sister and brother-

in-law owned a certain 20 acre tract next south of the east half of appellee's land, and that for a period prior to 1854 there had been an easement or right of way appurtenant to said 40 acre tract across said 20 acre tract and other lands to a public highway, and that the same had been continually and uninterruptedly enjoyed by the owners of said 40 acre tract across said 20 acre tract, except that it originally began at a point 35 rods west of the southeast corner of appellee's land and ran in a southeasterly direction to an old gate 23¾ rods south of appellee's south line, and thence southeasterly to the southeast corner of the 20 acre tract of said appellants and that afterwards by agreement between the parties then owning said two tracts of land said easement of a right of way appurtenant to said 40 acre tract was made to begin at a point in the south line of appellee's said 40 acre tract of land 25½ rods west of the southeast corner of said 40 acre tract, and to run thence south on the east side of a wire fence to said old gate 23¾ rods south of said south line, and thence upon the original tract. The bill further alleged that this was the only method of egress from and ingress to appellee's said land, which was occupied by her as her home, and that she had no other route or way by which she could reach the public highway or reach a market, or church, or school. She alleged that her sister and brother-in-law had obstructed her said passage across said 20 acre tract wrongfully, and desired to enjoin them from such obstruction. She obtained a temporary injunction without notice. Appellants afterwards moved to dissolve the injunction. Appellee obtained leave to file, and did file, amendments to the bill. The motion to dissolve was extended to the bill as amended, and was heard and denied. This is an appeal by defendants below from the order refusing to dissolve the temporary injunction.

Appellants raise some questions of practice and some technical questions concerning said injunction, but their main contention is that the facts alleged

do not give appellee a perpetual easement of a right of way across said 20 acre tract appurtenant to appellee's said 40 acre tract, and appellants in their brief say that the taking of evidence concerning the use of this way or lack of use thereof since a period prior to 1854 will cause the parties a large bill of expense, and that they seek to have the questions of law determined so as, if possible, to save that expense. The main litigated question therefore is whether appellee has in her bill as amended stated such facts as show that she has a perpetual right of way appurtenant to her said 40 acre tract over the 20 acre tract of appellants. A perpetual easement of that kind involves a freehold, a matter over which we have no jurisdiction. Chaplin v. Commissioners of Highways, 126 Ill. 264, and Perry v. Bozarth, 198 Ill. 328, and cases cited in the opinion in the last named case. Haigh v. Lenfesty, 141 Ill. App. 409, was a case similar in principle which we transferred to the Supreme Court, and it took jurisdiction in 239 Ill. 227. As the case involves a freehold, the appeal should have been taken to the Supreme Court, and under section 102 of the Practice Act of 1907 this cause will be transferred to the Supreme Court.

*Transferred to Supreme Court.*