ALBERT A. NEWMAN, Appellant, *vs.* THE NEWMAN CLOCK COMPANY, Appellee.

*Opinion filed June 24, 1915.*

1. APPEALS AND ERRORS—*what facts are settled by judgment of the Appellate Court.* Where the Appellate Court reverses a judgment in a suit at law and enters final judgment without remanding the cause, facts with reference to which the Appellate Court makes no finding must be presumed to have been found by that court the same as they were found by the trial court and are finally settled by the judgment of the Appellate Court.

2. SAME—*extent to which a case may be reviewed where it comes up on a certificate of importance.* A case which comes to the Supreme Court upon the granting of a certificate of importance by the Appellate Court is in the Supreme Court for all purposes, the same as though it had come in the ordinary way; and the Supreme Court is not confined to a consideration of the views expressed in the opinion of the Appellate Court.

3. CONTRACTS—*what is not compliance with an agreement to discontinue suit.* If, at the time the plaintiff enters into an agreement to discontinue his suit without costs to either party, a demurrer has already been sustained to his amended and supplemental bill and leave has been given him to amend, his action in declining to amend and electing to stand by his former bill is not a compliance with his agreement to discontinue; and the fact that the court, in dismissing the bill, enters judgment against him for costs does not amount to a breach of the agreement on the part of the defendant, where the plaintiff did not make the agreement known to the court nor seek to have the judgment for costs set aside so as to conform to the agreement.

4. SAME—*when making payments after a breach of contract does not work estoppel.* Where both parties to a contract are insisting upon its validity, the one insisting on his right to salary and the other disputing that right because the former had violated

his agreement, the fact that the latter makes payments of such salary which it is not required to make does not constitute any estoppel against asserting the alleged breach of contract as a defense to a suit for installments of the salary.

Appeal from the Branch "C" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. Harry M. Fisher, Judge, presiding.

Levinson, Becker, Cleveland & Schwartz, (S. S. Gregory, of counsel,) for appellant.

Amos W. Marston, and Winston, Payne, Strawn & Shaw, (Silas H. Strawn, J. Sidney Condit, and Ernest B. Cresap, of counsel,) for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The appellant, Albert A. Newman, sued the appellee, the Newman Clock Company, a corporation, in the municipal court of Chicago. There was a trial, and the court instructed the jury to return a verdict for the plaintiff for $750. The defendant took the case to the Appellate Court for the First District by writ of error, and that court entered final judgment by reversing the judgment of the municipal court without remanding the cause. The plaintiff was allowed a certificate of importance and an appeal to this court.

The claim of the plaintiff was for three monthly installments of salary as consulting engineer for the defendant, amounting to $750, which the defendant by a written contract had agreed to pay. The defense was that the plaintiff had violated the agreements on his part contained in the contract, wherefore the defendant was to be, and was, released from its obligation to employ him as consulting engineer. The particulars in which it was claimed he had

violated the contract were in failing to dismiss a suit which he had brought against the defendant, in financing a competitive business, and in going to Schwenningen, in the kingdom of Württemberg, and communicating with a firm at that place from which the defendant purchased its goods or supplies. The facts in relation to keeping the agreement to dismiss his suit were of record and not in dispute. The other claims of the defendant were controverted in the trial court, and as the Appellate Court made no finding of fact, the conclusion of that court was the same as that of the trial court, and the facts relating to such claims having been finally settled by the judgment of the Appellate Court cannot be reviewed on this appeal. The municipal court adopted the view that the acts of the plaintiff did not, in law, amount to a failure to dismiss his suit, while the Appellate Court reached the contrary conclusion. A statement of the facts proved will settle the question which one was right.

The Newman Clock Company is a corporation of the State of New York with a capital of $100,000, divided into 1000 shares of the par value of $100 each. It succeeded to a business conducted by the plaintiff, which, with its good will and patents, was transferred by him to the corporation. He was the owner of 425 shares of the capital stock, and controversies arose between him and the corporation, which commenced a suit against him, alleging that he had threatened to engage in a competitive business in violation of his agreement not to engage in the clock business in any manner in competition with the corporation. He also commenced a suit against the corporation, Charles E. Renshaw, its president, Edward T. Magoffin and Henry H. Ward, praying, among other things, for the appointment of a receiver. His bill was filed in the superior court of Cook county on October 16, 1909, and on the same day the Chicago Title and Trust Company was appointed receiver of the assets and business of the corporation and

a preliminary injunction was granted. The receiver took possession of the property of the corporation and took charge of its business. The cause was transferred to the circuit court of the United States, and on November 10, 1909, the corporation demurred to the bill. On the same day the receiver was ordered to continue and carry on the business. On November 24, 1909, the plaintiff took leave to file an amended and supplemental bill, which he filed on December 14, 1909. On December 18, 1909, the cause was heard on demurrer to the amended and supplemental bill, the demurrer was sustained and the receiver discharged and the receiver directed to present its account to the court. On January 21, 1910, a demurrer of the other defendants was sustained and leave was given to the plaintiff to further amend his bill within fifteen days. Afterward, on February 4, 1910, the time given for filing an amended bill was extended to February 16, 1910. On February 9, 1910, these controversies being in existence and the suit of plaintiff pending on the leave to amend, the plaintiff, Albert A. Newman, the corporation, the Newman Clock Company, and Charles E. Renshaw, president of the corporation, entered into a contract reciting the facts of the organization of the corporation, the purchase of the business, good will and patents and the agreement of the plaintiff not to engage in any competitive business, the beginning and pendency of the suits and other controversies, and the purpose of the parties to settle and adjust the same. By the contract the plaintiff agreed to sell to Renshaw his 425 shares of the capital stock at $135 per share, payable in installments and secured as therein provided. The sixth and eleventh paragraphs were as follows:

"Sixth—Said Newman Clock Company hereby employs said Newman as consulting engineer for a term of ten years, beginning the first day of January, 1910, and said Newman accepts such employment upon the conditions hereinafter set forth: Said Newman Clock Company shall

pay said Newman three thousand dollars ($3000) per year
for the first five years, in monthly installments of two hun-
dred and fifty dollars ($250) each on the first day of
each month, and two thousand dollars per year for the
second five years, in monthly installments of one hundred
and sixty-six and 67/100 dollars ($166.67) on the first
day of each month. But should said Newman fail to com-
ply with any of the terms and conditions in this agreement
set forth, then and in that event his right to receive the
salary in this paragraph set forth shall, at the option of
the Newman Clock Company, cease and determine, but the
said Newman shall not thereby be released from any of
the duties and obligations imposed upon him by subdivi-
sion (*a*) and (*b*) of paragraph seventh, nor shall the said
Renshaw be thereby released from any of the duties or
obligations imposed upon him by paragraphs first, second
and third of this agreement.

"*Eleventh*—All suits brought by said Newman against
the Newman Clock Company and its former directors, or
any of them, and by said Newman Clock Company against
said Newman, shall be forthwith discontinued without costs
as to either party as against the other; and except as in
this agreement otherwise expressly provided, the said New-
man hereby releases and absolves the said Renshaw and the
said Newman Clock Company and the Nanz Clock Com-
pany, and each of them, from all causes of action, claims
and demands of every kind and character, from the begin-
ning of the world to the day of the date of these presents;
and the said Renshaw and Newman Clock Company do
hereby jointly and severally release and absolve the said
Newman from all causes of action, claims and demands of
every kind and character, from the beginning of the world
to the date of these presents."

Afterward, on July 21, 1910, the following order was
made and entered of record in the suit of the plaintiff
against the defendant: The order first recited previous

proceedings, the leave to amend the amended and supplemental bill, the sustaining of the demurrers filed by the several defendants, and the finding of the court that the receiver was not entitled to retain $1500 for compensation and attorney's fees claimed by it, and continued as follows:

"Therefore, on motion of the complainant, it is ordered that so much of the order entered herein on January 21, 1909, as gives to the complainant leave to amend his amended and supplemental bill be set aside, and that the order entered herein on February 4, 1910, extending the time to amend said amended and supplemental bill to February 16, 1910, be set aside, and that the complainant have and is hereby given leave to stand by his said amended and supplemental bill. It is further ordered, adjudged and decreed, on motion of the defendant Newman Clock Company, that said Chicago Title and Trust Company, as such receiver, forthwith pay over to said defendant, or its counsel, Winston, Payne, Strawn & Shaw, the said sum of fifteen hundred dollars ($1500) now in its hands as such receiver. And the complainant now here in open court electing to stand by his said amended and supplemental bill, it is further ordered, adjudged and decreed that the said amended and supplemental bill be and the same is hereby dismissed for want of jurisdiction; and it is further ordered, adjudged and decreed that the defendants do have and recover of and from the complainant their costs to be taxed by the clerk."

The receiver appealed to the United States circuit court from the order denying its right to retain from the property of the corporation $1500, but that has no relation to this controversy. On January 17, 1911, the plaintiff appealed from the decree dismissing his amended and supplemental bill and entering judgment against him for costs, and his assignment of errors contained eleven specifications of alleged errors covering the whole matter of the controversy. By the assignment of errors he alleged that the

court erred in dismissing his bill and entering judgment against him for costs, in refusing to grant an injunction against one of the defendants, in discharging the receiver, in sustaining the demurrer of the corporation and the demurrers of the other defendants, and in holding that it was without jurisdiction to appoint a receiver and not retaining jurisdiction of the cause for the purpose of determining the right of the plaintiff to the relief prayed for by his amended and supplemental bill. The plaintiff filed his brief and argument in the circuit court of appeals, stating the proceedings in the superior court of Cook county and the United States court and relied upon errors as summarized by him, "sustaining the demurrers to the amended and supplemental bill of complainant, dismissing such bill for want of jurisdiction and entering judgment for costs in favor of appellees against appellant; also discharging the receiver; but that, on this appeal, is incidental to the broader question presented." The argument following the brief sought to sustain the propositions that the circuit court had jurisdiction, that the plaintiff was entitled to the relief prayed for in his amended and supplemental bill, and that the court erred in rendering judgment against him for costs and requiring him to pay the expenses of the receivership. The appeal of the plaintiff was still pending in the United States circuit court of appeals when the suit in the municipal court was begun.

The Appellate Court expressed the opinion that if the plaintiff had done nothing more than to cause the order for leave to amend his amended and supplemental bill to be set aside he might have established what was aimed at by his agreement to dismiss the suit, but that by taking and perfecting an appeal he violated his agreement. Counsel for appellant discuss the question in the case on the assumption that only the taking of the appeal is involved, but the Appellate Court having granted a certificate of importance, the case is here for all purposes, the same as if it came

to the court in the ordinary way. (*Ohio and Mississippi Railway Co.* v. *Wachter,* 123 Ill. 440; *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer,* 124 id. 112.) We are not confined to the consideration of views expressed by the Appellate Court.

When the plaintiff declined to amend his amended and supplemental bill and elected to stand by it the demurrer had been sustained, from which a dismissal necessarily followed. It was only because he had asked and obtained leave to amend that the bill had not been dismissed. The election of the plaintiff to stand by his amended and supplemental bill was in no sense a compliance with his agreement to discontinue his suit but was an assertion of the sufficiency of the bill and the claims set up in it. When he declined to amend his bill and elected to stand by it no judgment for costs had been entered against him, and if he had dismissed his bill in the performance of his agreement and made known to the court what that agreement was, no judgment for costs would have been entered against him. The argument made in his behalf is that the substantial justice of the case is on his side; that his alleged breach of his covenant to discontinue suits was not a breach because the decree contained a judgment for costs against him, in violation of the contract; that the corporation had forfeited the right to set up its defense because it committed the first substantial breach by taking a judgment against the plaintiff for costs; that the defendant, by continuing to make monthly payments under the contract until January 1, 1912, elected to treat the contract as still in force, and that the defendant could not affirm the contract so far as beneficial to itself and disaffirm it so far as burdensome. The substantial justice of any case requires parties to a contract to do what they have lawfully agreed to do, and in this case it is manifest that the agreement was lawful and no legal excuse appeared in the evidence. The fact that the decree was against plaintiff for costs is

no defense, because it was his own fault. He stood by his bill, to which demurrers had been sustained, so that a judgment dismissing the bill and for costs would necessarily follow unless the court was advised that there was a different agreement. All that was necessary. for the plaintiff to do was to call the court's attention to the contract. He never sought to have the decree made to conform to the agreement, and there was no excuse for appealing merely because there was a judgment against him for costs resulting from his own neglect. Besides, the record shows that he did not appeal merely on account of the judgment for costs, but he assigned errors and filed an argument by which he sought a reversal on the merits of the whole case. He made no point that the judgment for costs was contrary to the agreement, which would avail him nothing in view of the failure to make known to the circuit court the agreement. The defendant did not attempt to affirm the contract so far as beneficial and to disaffirm other obligations. Both parties insisted on the validity of the contract, plaintiff claiming the right to a salary as consulting engineer, and the defendant disputing his right because he had violated the agreement and by the terms of the contract it was released from its obligation. The fact that the defendant had made payments which it was not required to make, after the breach of the contract, did not constitute any estoppel against asserting its rights.

The municipal court erred in holding that there was no breach of the contract by the plaintiff and directing a verdict for him. The construction put upon the contract and the record of the United States court by the Appellate Court was correct, and the court did not err in holding, as a matter of law, that the acts of the plaintiff shown by the record amounted to a breach of his agreement to discontinue his suit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*