FRANK KOWALCZYK, a minor, by James Deming, his guardian, Appellant, *vs.* SWIFT & Co., Appellee.

*Opinion filed April 24, 1925—Rehearing denied June 11, 1925.*

1. APPEALS AND ERRORS—*when Appellate Court's certificate of importance is sufficient.* A certificate of importance by the Appellate Court is sufficient for the granting of an appeal where it certifies that the case "involves questions of law of such importance, on account of principal and collateral interests involved, as that it should be passed upon by the Supreme Court."

2. SAME—*jurisdiction of Appellate Court cannot be waived or conferred by parties.* Jurisdiction of the Appellate Court cannot be waived or conferred by consent of the parties.

3. SAME—*when constitutional question may be raised in Appellate Court.* Where a party defeated in the trial court appeals to the Appellate Court he waives the right to raise a constitutional question in that court, but the successful party in the trial court may, by assignment of cross-errors, seek to sustain the judgment by raising in the Appellate Court the question of the validity of

the statute on which the other party relies, and thereupon move to transfer the cause to the Supreme Court, provided the constitutional question is debatable.

4. SAME—*what necessary to raise constitutional question.* The mere assertion that a constitutional question is involved is not all that is required to raise the question, but it is not required that the question shall be a good one or conclusive of the case, provided it is at least debatable.

5. SAME—*effect where constitutional question is raised in the Appellate Court.* Where the defendant in error in the Appellate Court, by assigning cross-errors, raises the question of the validity of a statute and makes a motion to transfer the cause to the Supreme Court, the Appellate Court loses jurisdiction of the case, and cannot, regardless of what other questions are involved, consider the case on such other grounds and enter judgment on the merits, and if it does so, the Supreme Court, on appeal, must remand the cause to the Appellate Court with directions to transfer it to the Supreme Court.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding.

CORINNE L. RICE, and A. H. RANES, for appellant.

JOHN E. KEHOE, and BROWN, FOX & BLUMBERG, (CHARLES LEROY BROWN, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an action at law by appellant to recover damages for a personal injury. There was a judgment in the trial court for defendant, and appellant sued out a writ of error from the Appellate Court. That court affirmed the judgment and granted a certificate of importance and an appeal to this court.

The injury occurred December 12, 1917. The declaration alleged defendant was engaged in meat packing in the city of Chicago, was in control of buildings, yards and

railroad tracks, and there were in force divers ordinances regulating and safeguarding its employees, and the ordinances are set out *in hæc verba.* The declaration alleged defendant's business was designated as extra-hazardous by the Workmen's Compensation act; that section 6 of the act of 1897 concerning the employment of minors was in full force and effect, and prohibited any child under sixteen years of age being employed, permitted or suffered to work at an extra-hazardous employment "whereby its life or limb is in danger, or its health likely to be injured, or its morals may be depraved." The declaration also set out section 10 of the act of 1917 concerning the employment of minors. That section prohibits the employment of minors under sixteen in numerous specified capacities, and further prohibits their employment "in any capacity whatever in any employment that may be considered dangerous to their lives or limbs, or where their health may be injured or morals depraved." The declaration also set out section 5 of the Workmen's Compensation act, which defines an employee to mean every person employed by another, including minors "who are legally permitted to work under the laws of this State." The declaration then alleged that plaintiff, a minor between fourteen and sixteen years of age, while engaged in extra-hazardous employment, was injured, while in the performance of his duties, as a result of his employment in violation of the statutes with reference to the employment of minors between the ages of fourteen and sixteen years. Appellee pleaded the general issue and a special plea averring that the parties were subject to the Workmen's Compensation act, to which the court sustained a demurrer.

It is not disputed that the meat packing and allied industries appellee was engaged in conducting are an extra-hazardous employment and within the prohibition of the Child Labor acts, but it is contended by appellee that the capacity in which appellant was employed was not of that character; that because an employer is engaged in extra-

hazardous business it does not follow that all the departments of its business are extra-hazardous, and this case was disposed of by the trial and Appellate Courts considering it a question of fact whether appellant's employment was extra-hazardous and illegal, or whether he was employed in a capacity in which minors over fourteen and under sixteen might legally be employed. Upon that question the proof substantially was that appellee's plant, operated for meat packing, manufacturing, storing, loading, shipping and unloading its products, occupied a large territory of ground, intersected and crossed by streets or passageways, on and along which were laid many railroad tracks for the operation of cars in connection with appellee's business. Appellant's employment was as a messenger boy to carry messages from appellee's office building to the several houses and places in appellee's yards. Besides appellee's office building, which is near the northeast corner of its plant, there are a large number of other buildings scattered all over the grounds, used for many different purposes in connection with appellee's business, in which power-driven machinery was used. These buildings were reached from the office building along streets or parts of streets on which were railroad tracks for the operation of cars and by passageways between the buildings. To reach many of them, passageways occupied by railroad tracks, and upon which many trucks and other vehicles were operated, had to be crossed.

F. M. Oberg testified that at the time plaintiff's accident occurred witness was in charge of the messenger boys at the office building of appellee, and appellant was under his personal jurisdiction. He gave appellant and other messenger boys instructions as to their duties. At the time the accident occurred the witness had sent appellant, on what was known as the fertilizer route, to deliver letters and small packages to a number of offices. A slip was given appellant designating the number of the route, and

also prints of each office he was to visit and deliver messages and packages. Appellant was to visit only the places named on the slip, and the slip for each place he visited was to be placed on the time-clock. His route was down Packers avenue to Forty-second street and from Forty-second street to Harper's dock. The next place was the fertilizer house and then the glycerine factory, which was the last place on the fertilizer route. He said he instructed appellant to follow his orders, and that if he did not do that he would give him a tanning or discharge him.

Appellant testified as a messenger boy he delivered messages from the general office building to all the different offices, the fertilizing plant, the glycerine house, wool house, sausage room, soap house, glue house, smoke house, north house, and all the other different places. Shortly after four o'clock on December 12, 1917, he was instructed to deliver messages to the fertilizing plant, which required him to pass over Packers avenue, on which cars were moved by locomotive engines, then south to Forty-second street, running east and west, on which are operated all kinds of trucks and wagons carrying meat and fertilizer. He walked across the railroad tracks on Forty-second street, and his first stop was at Harper's dock,—a place from which shipping is done. He then went to the fertilizer building, on Forty-second street, where wagons and trucks were running both ways. From the fertilizer building he went to the glue house, crossing over railroad tracks and other obstructions. From there he went to the glycerine department and wool house. As he left to return to the office building he had to climb off the dock between the soap house and glycerine house. There were box-cars standing on tracks between the glycerine house and the soap house, and he attempted to pass between the building and the cars, which was a space about fifteen inches wide, and fell into a pool of hot water standing in some depression in the ground and was scalded. He testified that in making the trip he passed over

the same route he had been instructed to take, except that we do not understand the attempt to pass between the glycerine house and the box-car was the usual route taken on leaving the glycerine house to return to the office building. All the buildings required to be visited for the purpose of delivering messages by appellant were occupied by machinery operated by electrical or other power, and in delivering messages he was required to enter the buildings, pass near the running machinery, and sometimes go to an upper story to deliver the messages. Whether or not he was negligent in attempting to pass between the glycerine house and the box-car is of no importance. If he was legally employed by appellee his right of action under the Workmen's Compensation act could not be affected by his negligence, and if he was illegally employed, in violation of the Child Labor statutes, his negligence would be no bar to a recovery. We repeat, that the right of appellant to recover is based upon the contention that under the Child Labor statutes he could not be legally employed by appellee; that by section 3 of the Workmen's Compensation act appellee's business was defined as extra-hazardous, and therefore appellant's remedy was at common law and not under the Workmen's Compensation act.

Appellee has moved to dismiss the appeal (1) for defects in the appeal bond; (2) the Appellate Court has not certified, as required by law, the grounds for granting the appeal; (3) appellee by the assignment of cross-errors in the Appellate Court raised the validity of a statute and the construction of the constitution.

To our minds there is no merit in the first and second propositions. There are some slight discrepancies in the form of the appeal bond, but they are not of a character to affect its validity as an appeal bond; and even if they were, we would not be authorized to dismiss the appeal without first giving appellant an opportunity to file an amended bond.

In its certificate of importance the Appellate Court certified "that this case involves questions of law of such importance, on account of principal and collateral interests involved, as that it should be passed upon by the Supreme Court," and an appeal was therefore allowed on plaintiff giving bond in the sum designated by the court, with sureties to be approved by the clerk. Appellee insists the cerficate was void because it did not certify the specific questions to be decided as the grounds of granting the appeal. In *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer,* 124 Ill. 112, the Appellate Court granted a certificate of importance and an appeal. The certificate stated, "this case involves a question of law of such importance, on account of principal interests, as that it should be passed upon by the Supreme Court,—that is, whether the former judgment between the parties is a bar to the present action, it appearing from the evidence that the structure complained of was imperfectly built, and that there was negligence in the mode of the construction of said bridge." This court said its consideration could not be confined to a particular question specified in the certificate but it could consider any questions of law properly arising on the record. In *Steele* v. *Grand Trunk Junction Railway Co.* 125 Ill. 385, the Appellate Court granted a certificate of importance stating the case involved questions of law of such importance, on account of principal or collateral interests, that it should be passed upon by the Supreme Court. It was objected that the certificate should have specifically pointed out the questions of law which the Appellate Court considered of such importance that they should be passed upon by this court, but the court overruled the contention and held the certificate sufficient. In *Newman* v. *Newman Clock Co.* 268 Ill. 418, this court held that when the Appellate Court granted a certificate of importance and an appeal to this court the case is before this court for all purposes, the same as if it came here in the ordinary way.

Appellee says the forms of Appellate Court certificates of importance have always been insufficient, that the decisions to the contrary have been erroneous, and that erroneous decisions long persisted in cannot justify a disregard of the law. That is true, but we do not agree with counsel that the decisions have been erroneous, and we still adhere to them.

Appellee assigned cross-errors in the Appellate Court challenging the constitutionality of section 6 of the act of 1897 and section 10 of the act of 1917, forbidding the employment of any minor under sixteen years of age in any capacity whereby his life, limb, health or morals are endangered. It now insists the Appellate Court had no jurisdiction to determine the case and render judgment, and that court was without power to do anything but allow appellee's motion to transfer the case to this court. For that reason it is now insisted the appeal should be dismissed.

One of the contentions of appellee in the trial court was, an employer conducting an extra-hazardous business was not prohibited from employing a minor over fourteen and under sixteen years of age in some line of its business where the child would not be menaced with the hazards and dangers of the principal enterprise and business, and that the right of action of a minor under sixteen who is legally hired by an employer engaged in a hazardous enterprise is governed by the Workmen's Compensation act, and he cannot sue at common law for an injury received in the course of and arising out of his employment. Appellant's position was and is that his employment by appellee was in violation of the Child Labor statutes and the remedy for the injury was an action at law.

It is not denied that appellee was engaged in a business defined as extra-hazardous by the Workmen's Compensation act, but, as we have stated, it is contended by appellee that appellant was not employed or directed to perform duties

which subjected him to hazards whereby his life, limb, health or morals were endangered. The trial court instructed the jury that it was unlawful for appellee to employ appellant in any capacity where he would be subject to the hazards of appellee's business of manufacturing, packing, storing, boxing, loading or unloading its products, but appellee had a lawful right to employ appellant in any capacity not dangerous to life, limb, health or morals, and if the jury believed he was legally employed, his remedy was under the Workmen's Compensation act and not in a suit at law. The jury returned a verdict of not guilty, and the superior court, after overruling a motion for a new trial, rendered judgment for appellee. Appellant removed the case to the Appellate Court by writ of error, and appellee assigned cross-errors in that court challenging the constitutionality of section 6 of the act of 1897 and section 10 of the act of 1917, and made a motion that the case be transferred to the Supreme Court for the reason that, a constitutional question being involved, the Appellate Court had no jurisdiction to determine the case. The Appellate Court denied the motion, retained jurisdiction and decided the case. The basis of the Appellate Court's decision was, as appears from its opinion, that the question of appellee's liability must be determined from a consideration of the Child Labor acts of 1897 and 1917, and the court expressed the view that under those acts a minor might be lawfully employed by an employer engaged in the conduct of a prohibited business, provided the employment of the minor did not subject him to the hazards which endangered life, limb, health or morals; that whether appellant's employment was prohibited by the Child Labor statutes was a question of fact properly submitted to the jury, and their verdict being that he was not illegally employed, the Appellate Court did not feel justified in reversing the judgment. It will be seen, therefore, that the question of the validity of the statutes was not passed upon by either the trial or Appellate Court,

as under the view taken by both courts that question was not essential to a decision.

Appellant insists that no constitutional question was raised by appellee in the trial court and none could be properly raised in the Appellate Court. Appellee insists that by its plea setting up the Workmen's Compensation act as a bar to the suit, to which the court sustained a demurrer, and by its motion to direct a verdict for defendant, constitutional questions were raised in the trial court, but further insists that if no constitutional question was raised in the trial court, it, as the defendant in error, had a right to raise any question appearing from the pleadings which would entitle it to sustain the judgment of the trial court, and is not concluded by the omission of any reasons which might have been advanced in the trial court to support a judgment in its favor. (*Mulvihill* v. *Shaffer,* 297 Ill. 549; *Becker* v. *Billings,* 304 id. 190; *Hazel* v. *Hoopeston-Danville Bus Co.* 310 id. 38.) If the validity of a statute is properly involved in the Appellate Court under an assignment of errors or cross-errors that court has no jurisdiction to entertain the appeal, and it was held before the passage in 1907 of the statute authorizing the transfer of such cases by that court to this court that the judgment of the Appellate Court on the merits must be reversed and the cause remanded with directions to dismiss the appeal. (*Drainage District* v. *Commissioners of Highways,* 199 Ill. 80.) And it was held in *Perry* v. *Bozarth,* 198 Ill. 328, that if the Appellate Court assumed jurisdiction of a case involving a freehold, this court on further appeal must reverse the Appellate Court's judgment for want of jurisdiction and remand the cause, with directions to dismiss the appeal. Where the Appellate Court has no jurisdiction, jurisdiction cannot be waived or conferred by the consent of the parties. *Town of Audubon* v. *Hand,* 223 Ill. 367.

We are of opinion appellee properly raised a constitutional question in the Appellate Court, and that court should

317—21

have transferred the cause to this court, and we do not think the situation is affected by the fact that the Appellate Court determined the case without passing upon or referring to the constitutional questions. The jurisdiction of the Appellate Court does not depend upon whether there is a question involved, other than the constitutional one, upon which that court may determine the case. The parties are not limited to one or any particular number of questions they may interpose in good faith in support of what they contend are their rights. Any number of questions may be urged in support of the parties' claims, and if one of the questions involves the determination of the validity of a statute, the Appellate Court is not permitted, if it can decide the case without deciding or referring to the constitutional question, to retain jurisdiction and decide it, but if that court finds it necessary in the decision of the case to pass upon the constitutional question then transfer it to this court. The mere assertion that a constitutional question is involved is not all that is required to raise the question. It is not required that the question shall be a good one or conclusive of the case, but it must at least be a debatable question. Appellant says the constitutionality of the statutes challenged by the appellee is not debatable. It would not be proper in this opinion to express our conclusion upon the question of the ultimate merits of the question raised, and we do not intend to in the slightest degree intimate how we think it should be decided. Whatever our opinion may be upon the merits of the question, it cannot be said offhand that it should not be considered as having been raised in good faith.

Briefly, the constitutional question is whether the provision of section 6 of the act of 1897 that no minor under sixteen years of age shall be permitted or suffered to work at an extra-hazardous employment whereby his life or limb is in danger or his health is likely to be injured or his morals depraved, and the provision of section 10 which pro-

hibits the employment of a minor under sixteen in any employment which may be considered dangerous to his life, limb, health or morals, are in violation of the due process and equal protection of the law clauses of the Federal and State constitutions, in that they do not definitely fix the forbidden employment but leave that to the determination of courts and juries, and, in effect, leave a legislative question to the determination of the judicial department.  We have tried to show that whether the Appellate Court had jurisdiction did not depend upon whether appellee's contention must be sustained, nor whether the Appellate Court might be of opinion the judgment should be affirmed without reference to the constitutional question.  As we have said, appellee in seeking to sustain the judgment was not limited to the grounds upon which the judgment of the trial court was based.  It could not know whether the Appellate Court would take the same view as the trial court or not.  If the Appellate Court had taken the view very vigorously supported by appellant's brief and argument, that his employment was in violation of the Child Labor statutes, then it would have been necessary to pass upon the constitutionality of that legislation, and that the Appellate Court had no jurisdiction to do.  That court should have allowed the motion of appellee to transfer the case to this court.  When the party defeated in the trial court appeals to the Appellate Court he waives the right to raise a constitutional question in that court, but the successful party in the trial court may by the assignment of cross-errors seek to sustain the judgment by raising in the Appellate Court the question of the validity of a statute.  Prior to 1907 the Appellate Court could do nothing when a constitutional or other question of which it had no jurisdiction was raised upon the record but dismiss the appeal.  In that year the Practice act was amended so as to direct that in such cases the appeal should be transferred by the Appellate Court to this court.  If, as we hold, a constitutional question was presented by the

record in the Appellate Court it had no jurisdiction to retain and decide the case and its judgment was void. If this court should adopt appellant's view that his employment was illegal under the Child Labor acts, then we would be obliged to determine the validity of a question which the Appellate Court did not decide because it had no jurisdiction to do so. It may seem a rather curious thing to reverse the judgment of the Appellate Court and remand the case to that court with directions to transfer the case to this court, but it is the only logical and legal thing to do. (*Drainage District* v. *Commissioners of Highways, supra; Perry* v. *Bozarth, supra; People* v. *Harrison,* 223 Ill. 540.) We have power to review judgments of the Appellate Court when they are properly before us, but we cannot review a judgment which the Appellate Court had no jurisdiction to render. In *Chaplin* v. *Commissioners of Highways,* 126 Ill. 264, this court held that where a freehold, franchise or the validity of a statute was involved in the Appellate Court, this court cannot entertain an appeal from that court for the purpose of passing upon the merits of the case, but for the purpose, only, of vacating or reversing the judgment of the Appellate Court, with directions to dismiss the appeal. Appellee insists that we dismiss the appeal, but that we are not required to do. The law will be complied with and justice subserved by reversing and setting aside the judgment and remanding the case to the Appellate Court with directions to transfer the case to this court, and that will be the order.

The judgment of the Appellate Court is reversed and the cause remanded to the Appellate Court, with directions to transfer the cause to this court.

*Reversed and remanded, with directions.*